The INHABITANTS *of the First Parish in* BRUNSWICK *vs.* McKEAN.

Legal presumptions generally apply to facts of a transitory character, the prop-
er evidence of which is not usually preserved with care ; but not to records or
public documents, in the custody of officers charged with their preservation,
unless proved to have been lost or destroyed.

A motion to set aside a verdict for the  supposed misdirection of the jury by the
judge, in a matter of law, will not be sustained, unless the grounds of the mo-
tion appear in the judge's report, or are stated in a bill of exceptions.

Pleas in justification of a trespass *quare clausum fregit* for cutting down a fence,
which allege that the  act was done on two  public highways, leading the one
from the other : and also that it was  done on one of the highways only, are
not inconsistent with each other ; and a  verdict finding  each of these issues
for the defendant is not void for inconsistency or uncertainty.

THIS was an action of trespass *quare clausum fregit*, against the
defendant, for cutting down a fence erected by the  plaintiffs on
what they alledged to be their  close in *Brunswick*.    The defen-
dant pleaded the general issue, and several special pleas in justi-

Brunswick v. McKean.

fication; alledging in one of them, that the fence was on two public highways, viz. the twelve-rod-road, and the *Harpswell*-road leading from it ; and in another, only saying that it was on the twelve-rod-road.

At the trial, before the chief justice, the plaintiffs, in order to show that the twelve-rod-road, which was laid out and accepted *March* 21, 1769, had been reduced to the width of eight rods, offered in evidence two votes ;—one passed at a meeting of the inhabitants of *Brunswick*, *April* 2, 1792, appointing a committee to lay out the same road eight rods wide, from the old fort, to *Maquoit*-bay, except at the landing place, where it was to remain at its full width ;—and the other passed at a town meeting *April* 1, 1793, accepting the eight-rod-road as then laid out on the plan, with the amendments made on the same plan. The counsel for the defendant objected to the admission of these votes, unless preceded or accompanied by attested copies of the warrants for calling the town-meetings at which they were passed, to show that the votes were authorised by the warrants ; and no reason in fact being assigned, why such copies of the warrants could not be, and were not produced, the chief justice rejected the evidence. A verdict being afterwards returned for the defendant, this point was reported by the chief justice at the request of the plaintiffs, for the consideration of the court. The plaintiffs also filed a motion for a new trial;—1, because the verdict found the same trespass done on two different roads, which is impossible ;—2, because it also found that the same trespass was done on both roads, and also on the twelve-rod-road only, which is impossible ;—3, because the jury were instructed, that twenty years' uninterrupted use of the roads, adversely to the plaintiffs, was evidence of a grant, though there was no proof of their actual location ; and that this rule applied as well to the plaintiffs in their corporate capacity, as to individuals ;—4, because the copies of the votes before mentioned were rejected;—5, because the verdict found the trespass done on both roads, without distinguishing what was done on each.

*Longfellow* and *Mitchell*, for the plaintiffs, argued that the evidence rejected was admissible, the transactions being of more

than thirty years standing ; in which case the existence of prop-
er warrants is to be presumed. *Monumoi Great Beach v. Rogers*
1 *Mass.* 159. *Blossom v. Cannon* 14 *Mass.* 177. *Sumner v. Sebec*
3 *Greenl.* 223. *Little v. Libby* 2 *Greenl.* 242. *Pitts v. Temple* 2
*Mass.* 538. *Colman v. Anderson* 10 *Mass.* 105. Courts have gone
so far as to presume the incorporation of a town. *Stockbridge v.
West Stockbridge* 12 *Mass.* 400.

They also contended, that the findings of the jury were contra-
dictory and uncertain, and therefore void.

The third ground of the motion was not argued, the court con-
sidering it not regularly before them.

*Orr* and *Greenleaf*, for the defendant.

WESTON J. delivered the opinion of the court.

It does not appear, that the town of *Brunswick* had any legal
right to alter the road in that town, originally laid out in 1769,
twelve rods wide, by contracting its width to eight rods ; but if
they had, and it had been recently done, attested copies of the
warrants, under which they exercised this authority, ought to
have been produced, as in its nature preliminary to the votes, by
which such alteration was accepted. But it is urged, that this
being an ancient transaction, this proof is by law dispensed with,
and the regularity of the proceedings presumed. A general and
very important rule of evidence is, that the best must be given,
of which the nature of the thing is capable. Where from lapse
of time or other circumstances, it appears that a party has it not
in his power to produce the evidence, usually required to prove
certain facts, such facts may often be legally presumed from
other facts and circumstances, the existence of which cannot
fairly be accounted for, without such presumption. But this
presumption does not legally arise, where there is nothing in the
case from which to infer, that the regular evidence is not in ex-
istence, or not accessible to the party intrusted to establish the
facts in question. On the contrary, a failure to produce the
best evidence in the power of the party, justly creates a suspi-
cion, that its effect might not be favorable to him, if produced.

*Legal* presumptions generally apply to facts of a transitory character, the proper evidence of which is not usually preserved with care; but not to records or public documents, in the custody of officers, charged with their preservation and safe keeping; unless proved to have been lost or destroyed.

In *Colman v. Anderson*, cited in the argument, *Sewall J.* who delivered the opinion of the court says, " the judge was right in submitting such evidence as there was, although incomplete, if the jury were satisfied that the deficiencies in the evidence were not chargeable to the fault or negligence of the party, and that nothing, in the power of the party to produce, was wilfully withheld."

The votes in question, passed at the meetings of the inhabitants of the town of *Brunswick*, could have no efficacy, unless in pursuance of articles regularly inserted in the warrants, by which these meetings were called. According to the usual course of proceedings, these warrants were either recorded, or preserved, in the office of the town clerk. For any thing that appears in the case, they might have been there found, and certified copies obtained. No sufficient reason having been assigned why they were not produced, copies of the votes were, in our opinion properly rejected.

The foregoing is the only point presented, by the report of the judge. A motion for a new trial has been filed in the case, predicated upon several reasons distinctly assigned; the third of which is upon a supposed misdirection of the judge to the jury in a matter of law. As this does not appear in the report, and is not taken by way of exception, it is not regularly before us. The other reasons are founded upon the alleged uncertainty and inconsistency of the verdict.

The trespass proved was the cutting down of two posts, one of which stood at the intersection of the *Harpswell*-road with the twelve-rod-road, the former of which is described in one of the pleas, as running from the latter. This post therefore, standing on the line of confluence, must have been partly in the one road, and partly in the other. The other post stood on the opposite side of the twelve-rod-road. As to the second issue, the jury

found the supposed trespass was done on both roads. · This would be true, if part was on one and part on the other; and it ought to be so intended, if it be impossible that the whole could be done on each. But if the *Harpswell*-road ran across the twelve-rod-road, the common ground traversed by both might well be called the *Harpswell*-road and the twelve-rod-road; and thus there would be no inconsistency in finding the whole of the supposed trespass done on both roads. This is not absolutely inconsistent with the averment in the plea, that the one road ran from the other; the term "from," whether applied to time or place, in legal contemplation, not uniformly or necessarily excluding such time or place. And a verdict, if by fair intendment it may have a consistent construction, is not to be set aside for uncertainty. As to the third issue, the jury found the supposed trespass done on the twelve-rod-road. This may be reconciled with their finding upon the second issue, upon the assumption that the *locus in quo*, being common to both roads, might be called by the name of both, or of either.

But it is of no importance to the merits of this case, to distinguish with accuracy upon which of these roads the posts stood, or whether they may be regarded as standing on both roads, or partly on the one and partly on the other. The real question in controversy, and the point substantially in issue was, whether they stood in the public highway, and, obstructing the same, might be removed; and this is very clearly found.

The motion for a new trial is overruled.

*Judgment on the verdict.*