## Macondray *vs.* Simmons *et al.*

Under Mexican law, a person who furnishes materials for the erection of a building, has no lien on the building to secure payment for the materials furnished.

The plaintiff having a claim against A., brought suit against him to enforce the claim, and, in the same action, sought to set aside a conveyance of real estate from A. to B., on the ground that it was executed in fraud of the creditors of A., and made B. a party to the suit; *Held*, there having been no objection taken, either by demurrer or answer, on the ground of an improper joinder of several causes of action, that the plaintiff was entitled to contest the validity of the conveyance from A. to B.

If several causes of action are improperly united in the same action, the objection must be taken either by demurrer or answer, or it will be deemed to have been waived.

Appeal from the district court of the district of San Francisco. The facts are stated in the opinion of the court.

*By the Court*, Bennett, J. The papers in this cause were consumed in the late fire which occurred in this city. According to our recollection, the facts of the case were as follows:— Macondray furnished certain materials for a building, which Simmons put up, previous to the adoption of the common law. An attachment was issued against the property for the purpose of enforcing the lien, and on the same day on which the attachment was issued, Simmons conveyed the property to the other defendant Knowles. The complaint alleged the amount of the indebtedness of Simmons for the materials furnished by the plaintiff, and charged that the conveyance to Knowles was fraudulent, insisted upon the plaintiff's having a lien upon the

buildings, and charged that Knowles had notice of such lien at the time of the conveyance to him, and prayed that the conveyance to Knowles might be set aside as fraudulent, and the premises sold to satisfy the lien. The defendants took issue upon the several allegations in the complaint, and, at the trial, the plaintiff proposed to prove that the conveyance to Knowles was made in fraud of the creditors of Simmons, and insisted that the conveyance should be set aside, and the premises sold to satisfy his lien. The court held that no lien existed, and excluded the proposed evidence to show fraud in the conveyance to Knowles.

Two propositions are presented by the case on the part of the plaintiff; 1st, That he had a lien upon the premises under Mexican law; and, 2d, That even though he had no such lien, he was entitled to inquire into the validity of the conveyance to Knowles.

On the first point we think the court decided correctly. We think there was no lien. We find it laid down in the Mexican books, that he who loans *money* for the purpose of building, repairing, or supplying a ship, house, or other building, has a tacit lien thereon for the reimbursement of his loan. (*Escriche, Dic. de Legislacion, Art.* "*Hipoteca Legal;*" 5 *Feb. Mej. page* 368; 3 *Sala Mej.* 115; 1 *White's Rec.* 140.) But we do not find it laid down in either of the authorities above cited, which are all strictly works on *Mexican* law, with the exception of *White's Recopilacion,* that a person who furnishes materials for the *erection* of a building, has any lien. Nor is any such doctrine to be found in the citation of the plaintiff's counsel from the *Partidas,* either at the page cited (*page* 878, 2*d vol. Part.,*) nor on pages 970 and 971, where this subject is more particularly treated of. It is true that it is laid down in *Browne's Civil Law,* (1 *vol., page* 207,) that the *repairer* of a house has a lien thereon, but even this does not support the plaintiff's case; while in *Mackeldy,* (*page* 382,) it is said that a lien does not exist in favor of one who has merely furnished materials or labor on credit for the restoration of a building. There is nothing, therefore, in the Mexican law, which countenances the plaintiff's

Macondray *v.* Simmons.

claim of lien, and though it might be inferred from *Browne* that such a lien would be sanctioned by the civil law, yet the inference is equally strong from *Mackeldy* that it would not. The court, we think, decided correctly upon this point.

Should the plaintiff have been permitted to contest the validity of the deed to Knowles in this suit? He had a claim against the defendant Simmons for materials furnished, for which, perhaps, he was entitled to judgment. If he were entitled to judgment on this claim, then he would have had the right to institute proceedings to set aside the conveyance to Knowles on the ground of fraud. The only question for determination on this branch of the case is, whether a demand against Simmons personally, can be united with a cause of action against Simmons and Knowles to set aside the conveyance of the former to the latter on the ground of fraud. Section 61 of the Practice Act declares, that the plaintiff may unite several causes of action belonging to certain specified classes of cases, but that the causes of action so united, must belong to only one of those classes, and must affect all the parties to the action, and must be separately stated. There may have been in this case a defect of parties, and several causes of action may have been improperly united, but the defendants must be deemed to have waived any objection on these grounds, for not having taken the objection by demurrer or answer. (*See sections* 40, 43, *and* 44 *of Practice Act.*) If we have recollected correctly the substance of the facts of the case, we think a new trial should be granted, for the purpose of giving the plaintiff an opportunity of establishing his claim against Simmons personally; in which case, he would be entitled to a judgment for the amount proved against Simmons individually; and, at the same time, of contesting the validity of the conveyance to Knowles; and in case of his proving successful therein, of having an order entered setting aside the conveyance, so that the premises in question may be sold to satisfy the judgment.

Ordered accordingly.