MCCARTNEY *vs.* BOSTWICK and others.

Where a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, no interest, legal or equitable, vests in, or results to, the latter, upon which a judgment and execution can attach.

The trust which in such cases — where a fraudulent intent is not disproved — results, under the statute, in favor of the creditors of the party paying the consideration, to the extent that may be necessary to satisfy their demands, is a trust which can only be enforced in equity.

A creditor at large cannot institute such a suit in equity, before the recovery of a judgment in our courts, and the return of an execution issued thereon unsatisfied.

A judgment recovered in another state does not constitute a sufficient basis for a suit in equity to enforce a trust in favor of the judgment creditor. The plaintiff must first sue upon such judgment, here, and recover a new judgment and issue an execution thereon, and have it returned unsatisfied, and thus establish the fact that he has exhausted his remedy at law.

APPEAL from a judgment entered at a special term, upon demurrer to the complaint. The complaint alleged that during the year 1856, the plaintiffs were copartners, doing business as such in the city of St. Louis, in the state of Missouri, as wholesale grocers and dealers in wines and liquors. That, as such copartners, they sold, and from time to time delivered, on various credits, various amounts of groceries, wines, liquors and merchandise, during the years 1856 and 1857, to the defendant Albion W. Bostwick, who was then a resident of and doing business at Winona, in the (now) state of Minnesota. That on or about the 5th day of September, 1857, the plaintiffs and the said Albion W. Bostwick accounted together, of and concerning the said sales, and on such accounting the said Bostwick was found indebted to the plaintiffs in the sum specified in the notes, copies of which were annexed in a schedule; and that he thereupon made and executed the said promissory notes and delivered the same to the plaintiffs, who have ever since continued to be, and now are, holders and owners of the same. That at the time of obtaining said credits and of the making of said notes, Bostwick was the owner of and in the possession of a stock of gro-

McCartney v. Bostwick.

ceries, wines, liquors and merchandise, at Winona. That afterwards, and after the maturity of said notes, said Bostwick sold and exchanged the said stock of groceries, &c. to and with one Lemuel C. Porter, then of Winona aforesaid, but formerly of Moravia, Cayuga county, New York, who immediately thereafter entered into possession of the same. That a very large part of the consideration for such sale and transfer of said stock of groceries &c. to Porter, by said Bostwick, was the conveyance, by Porter to Bostwick, of a farm lying in Moravia aforesaid, consisting of about 150 acres of land. That the said stock of goods &c. so sold by Bostwick to Porter, was worth, at the time of said sale, the sum of $5500, and that the value of said farm, at the time, was $5000 and over. That afterwards, and in the month of April, 1858, Bostwick caused the conveyance for said land to be made and delivered by Porter and wife to Mollie M., wife of the said Albion W. Bostwick, so as to vest in her the legal title to the said land. That the said deed was so taken by her, upon the consideration aforesaid, without any consideration paid therefor by her. That afterwards, and in the month of June, 1858, the said Albion W. Bostwick, and Mollie M., his wife, made and executed their certain deed for said premises to Samuel W. Bostwick of Cadiz, Ohio, upon the nominal consideration, as expressed in the said deed, of $4000; that no consideration was in fact paid by Samuel W. Bostwick for said conveyance; that the said Samuel W. is the father of the said Albion W., and was well acquainted with the fact that the deed from Porter and wife to said Mollie M. was without consideration paid therefor by her, and that the same was held in trust by her for the plaintiffs, as the creditors of Albion W., existing at the time of such conveyance to the extent of their said demands; that he was aware of the existence of the plaintiffs' demands against the said Albion W., and that he took the conveyance of the farm, charged with the equitable lien thereon of the plaintiffs, as such creditors. That on the 20th day of August, 1858, in the district court of the third

judicial district, Winona county, Minnesota, the plaintiffs commenced a suit against the said Albion W. Bostwick, by the service upon him, personally, on that day, of a summons issuing out of said court in favor of the plaintiffs, in due form of law, which was duly served, and that such proceedings were had that on the 25th day of September, 1858, judgment was duly rendered in said suit against said defendants, upon the notes, for $4181.68, and the judgment roll was filed in the clerk's office of said district court, and judgment duly docketed in the clerk's office of the said county of Winona, in the state of Minnesota. That afterwards, and on the 11th day of October, 1858, execution was duly issued upon said judgment to the sheriff of the said county of Winona, against the property of the said defendant, which was duly returned unsatisfied. That the said Albion W. Bostwick was, at the date of the said notes, and from thence hitherto has been, and now is, a resident of Winona aforesaid; that he is insolvent, and that he has no property within the state of New York, except the equitable rights in the farm at Moravia aforesaid, out of which to collect the judgment of the plaintiffs against him, above stated. That the said Mollie M. resides with her said husband at Winona, and that Samuel W. Bostwick resides at the town of Cadiz, in the state of Ohio. That Albion W. Bostwick paid the entire consideration for the land so conveyed by Porter and wife to Mollie M. Bostwick, and that she, the said Mollie M., paid no part thereof. That Samuel W. Bostwick was a voluntary grantee of the land, with notice of the above mentioned facts, constituting the said Mollie M. trustee of the creditors of her husband as aforesaid, and that they are remediless, except by and through the equity powers of this court the said deeds shall be declared fraudulent as to these plaintiffs, to the extent of their said judgment and costs, as such creditors. Wherefore the plaintiffs demanded judgment, that the deed from Porter and wife to Mollie M. Bostwick be declared fraudulent, as to the plaintiffs, to the extent of their judgment and costs; and that the deed from Albion

W. Bostwick, and Mollie M. his wife, to Samuel W. Bost-wick be declared fraudulent as to these plaintiffs, to the like extent; and that the said Mollie M. Bostwick and the said Samuel W. Bostwick, or one of them, be declared to be trustees, or a trustee of the plaintiffs, as such creditors, to the extent aforesaid; and that the land in the said deeds described, or so much thereof as shall be necessary to pay the judgment and costs, be sold, and that out of the avails thereof the said judgment be paid, together with costs.

To this complaint the defendant Samuel W. Bostwick demurred, and assigned the following causes of demurrer:

First. That the complaint did not state facts sufficient to constitute a cause of action against him. Second. That the plaintiffs are creditors at large, without judgment against either of the defendants. Third. That the complaint does not show that the plaintiffs have acquired any lien on the lands and premises mentioned in the complaint, or that they have any right to question the validity of the transfer of said lands and premises to Samuel W. Bostwick. Fourth. That the defendant Samuel W. Bostwick is not a proper party to this action.

The judge, at special term, ordered judgment for the defendant S. W. Bostwick, on the demurrer; with leave to the plaintiffs to amend on payment of costs. The plaintiffs appealed.

*Wm. Allen*, for the plaintiffs.

*George Rathbun*, for the defendants.

*By the Court*, E. DARWIN SMITH, J. The case of *Garfield* v. *Hatmaker* (15 *N. Y. Rep.* 475) decides that where a grant for a valuable consideration is made to one person and the consideration therefor is paid by another, no interest, legal or equitable vests in or results to, the person paying the consideration, upon which a judgment and execution can attach. And

it also decides that the trust which, under sec. 52, art. 2d, part 2, chap. 1 of the revised statutes, entitled "Of uses and trusts," (1 *R. S.* 728,) in such cases, where a fraudulent intent is not disproved, "results in favor of the creditors of the party paying such consideration, to the extent that may be necessary to satisfy their just demands," is a trust which can only be enforced in equity. The only question which remains in this case is whether a creditor at large can institute such a suit in equity before the recovery of a judgment in our courts and the return of an execution issued thereon unsatisfied. The plaintiffs have recovered a judgment upon their demands, in the state of Missouri; but that judgment is of no force here, except as a conclusive adjudication which precludes an inquiry into the merits of the original claim of the plaintiffs. Before it can be enforced here the plaintiffs must sue it over and recover a judgment in our courts. The remedy in the courts of equity in this state to enforce a judgment against equitable property or interests, can only be resorted to after the remedy at law upon the judgment is duly exhausted by the return of an execution thereon unsatisfied. (2 *John. Ch. Rep.* 144. *Wiggins* v. *Armstrong, Id.* 283. 4 *id.* 671. 3 *Barb. Ch. Rep.* 46.) The doctrine of these cases has been reaffirmed since the code, in *Greenwood et al.* v. *Broadhead et al.* (8 *Barb.* 593,) and in *Crippen* v. *Hudson,* (3 *Kern.* 161.) Before the return of an execution, suits in equity have been and may be instituted to remove fraudulent incumbrances which obstruct the collection of judgments at law. But in no case, that I am aware of, have suits in equity been maintained to reach equitable assets, or obtain payment of judgments, until the remedy at law had been duly exhausted. It is true, in this case, that a judgment recovered in this state upon the plaintiffs' demands will not be a lien upon the premises described in this complaint, according to the decision in the case of *Garfield* v. *Hatmaker,* (*supra,*) but it is nevertheless essential to establish that the plaintiffs are creditors, under the statute, of the defendant Albion M. Bostwick; and

the return of an execution unsatisfied is essential to establish the fact that the plaintiffs have exhausted their remedy at law and that the defendant has not real or personal property sufficient to satisfy such judgment, subject to levy and sale upon execution. I think the decision at special term was correct, and that the judgment should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 5, 1860, *Welles, Johnson* and *Smith,* Justices.]