MILTON GORTON,

*v.*

THOMAS E. MASSEY AND WIFE.

A fraudulent conveyance, so far as creditors are concerned, can be *avoided* by them, only after they have obtained judgment.

F. conveyed to M's wife certain land, receiving from M. in payment therefor, part cash, and M's note for the balance ; subsequently and before maturity, F. for value received, transferred the note to G.   *Held :* (No further facts appear-ing,) that G. had no vendor's lien upon the land conveyed.

This cause comes to this Court, by writ of error sued out by defendants, from the final judgment of the District Court for Meeker County. The allegations of the complaint are substantially, that on the 12th day of October, 1859, one Edward W. Freeman, being seized of certain real estate in Meeker County, conveyed the same to defendant Sarah M. Massey; that the consideration for said conveyance was $300, and was paid by defendant Thomas E., husband of said Sarah M., $125 cash, and $175 by his negotiable promissory note; that this note was transferred to plaintiff for value before maturity, who is the owner and holder thereof, and that the same is now past due and unpaid; that said defendant Thomas E. was at the time, and has since remained wholly insolvent, and has no property out of which plaintiff can collect his said debt; that said conveyance was so made to the said Sarah M. with " intent that she should hold the same, on a secret trust, for the said Thomas E. so that the same could not be reached by his creditors; that said conveyance was fraudulent as against the plaintiff, and that said Sarah M. holds said premises in trust for the plaintiff, to the extent that may be necessary to satisfy his debt. The complaint demands that the premises be sold, and the proceeds applied to the payment of said note. The defendants appeared and answered and the cause was tried before the Court, without a jury, who found that the several allegations of the complaint were true, and that the plaintiff was entitled to the relief demanded, and judgment was entered pursuant thereto.

BRISBIN and WARNER, for Plaintiff in error.

GEO. L. OTIS, for defendant in error.

*By the Court*—MCMILLAN, J.   The defendant in error, the plaintiff below, is a simple contract creditor, and as such,

comes into a court of equity, and seeks to set aside a conveyance of land as fraudulent, and have the grantee declared a trustee of the premises for his use, &c., under the statute. *Comp. Stat.*, *page* 382, *secs.* 7, 8.

A fraudulent conveyance, so far as creditors are concerned, can be avoided by them, only after they have obtained judgment. The defendant in error, being a simple contract creditor merely, cannot in this action obtain the relief he seeks. He must first obtain his judgment at law, and then invoke the aid of a court of equity in his behalf. *McCartney vs. Bostwick, et al.*, 31 *Barb. Rep.*, 390; 1 *Am. Lea. Cas.*, *page* 45, *4th ed; Hastings vs. Belknap*, 1 *Denio*, 191, 198.

We see nothing in the facts of this case, upon which the claim by the defendant in error, of a vendor's lien upon the premises, can be sustained. As these views dispose of the present action, the further points in this case need not be considered.

The judgment below is reversed, and the cause remanded for further proceedings.