## GEORGE MUGGE

*v.*

## WILLIAM EWING *et al.*

CREDITOR'S BILL—*who may maintain it.* A surety who had paid a judgment recovered against himself and his principal, joined with other creditors, after the death of the principal debtor, in a bill in chancery to set aside a conveyance made by him in his lifetime, for the purpose, as was alleged, of defrauding his creditors: *Held,* such surety stood in the position of a simple contract creditor, not having obtained a judgment against his principal in his lifetime, or obtained an allowance of the claim against his estate, and therefore was not in a position to maintain a bill of that character.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. ANDREW D. DUFF, Judge, presiding.

The opinion states the case.

Mr. JOHN OLNEY and Messrs. MULKEY, WALL & WHEELER, for the plaintiff in error.

Messrs. BOWMAN, BURNETT & WASSON and Mr. T. B. TANNER, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by Franklin L. Rhoads, Nicholas Schrak, William Ewing, Newton Downey and Conrad Fraus, as creditors of one Frederick Craul, deceased, to set aside a conveyance of certain real estate made by him to George Mugge, and after his death re-conveyed by said Mugge to his widow. There is little doubt, on the evidence, that these conveyances were voluntary, and made for the purpose of defrauding creditors, but the decree must be reversed on other grounds.

One Herod became a party complainant pending the suit, and the court allowed his claim, which was based on the ground that he had paid $664.20 upon a judgment obtained against himself and Craul, in which he was merely Craul's surety. There is no evidence that he was merely surety for Craul, and even if there had been, he stood in the position of a simple contract creditor. He had neither obtained judgment against Craul in the life time of the latter, nor had his claim been allowed against Craul's estate. He is not, therefore, in a position to seek the aid of a court of equity by a bill of this character.

The court also found five hundred and eighty-nine dollars due to Mathias Bonenberger. He is also a mere simple contract creditor.

We do not find any evidence in the record to support the claim of Downey.

The amended bill alleges that the debts from Craul to the complainants accrued before the conveyance to Mugge. There is no proof of this except as to the judgment in favor of Rhoads. The complainants must recover, if at all, according to the allegations of their bill. The case must be reheard and further proof taken.

*Decree reversed.*