[Decided January 13, 1887.]

JAMES B. THOMPSON AND AGNES THOMPSON,
   *v.* CATON AND STANFORD, PARTNERS.

1. EQUITY — COMPLAINT — LIEN. — A court of equity will not primarily
   interfere in aid of creditor to subject property to the payment of his
   debts, when nothing appears except that he cannot collect his debt by the
   ordinary process of law. Unless the complaint shows that the creditor
   has reduced his claim to judgment, or that he has in some other man-
   ner obtained a lien upon the property in regard to which he seeks such
   equitable aid it does not state facts sufficient to constitute a cause of
   action in equity.

2. REFORMED CODE OF PROCEDURE — JOINDER OF CAUSES OF ACTION. — The
   respective jurisdictions in law and equity have been in no manner
   changed by the laws of the territory or by the Organic Act, except to
   allow legal and equitable causes of action to be joined in the same com-
   plaint, without at all affecting the allegations in either, necessary to
   constitute a cause of action.

APPEAL from the District Court holding terms at
Walla Walla.   First District.

Appellees, on October 2, 1885, in the above-named court, filed a complaint against the above-named appellants, in which they sought to recover the sum of $1,080, and interest, alleged to be due appellees from said James B. Thompson, on account of a claim and the demand for work and services, held by John Williamson against James B. Thompson, and which, for value before the commencement of the action, had, by said Williamson, been transferred to said Caton and Stanford. The complaint shows that James B. Thompson and Agnes Thompson were husband and wife; that on the fourteenth day of May, A. D. 1885, and while Thompson was indebted to Williamson, for the purpose of hindering, defrauding, and delaying his creditors in the collection of their just demands, and in particular said Williamson, and his assigns, for the alleged consideration of one dollar, conveyed by deed to Agnes Thompson, his wife, certain real property in the complaint described, and which at the time was owned by Thompson; that said conveyance was without any consideration, and was fraudulent and void; that defendant James B. Thompson had no other property than that conveyed as aforesaid; and that unless the property, so fraudulently conveyed, could be applied or charged with the payment of any judgment which appellees might recover, the same must remain wholly unpaid. They asked for judgment against James B. Thompson for $1,080 and interest, and also for a decree declaring the deed from Thompson to his wife void, and directing that their judgment be satisfied out of the property described in the deed, and that they also recover their costs of action. The complaint was served on each of the defendants, and afterwards, on November 9, 1885, on default being made, a judgment was rendered by the court (Wingard J., presiding) in favor of appellees, and against Thompson and wife, substantially as prayed for in the complaint. From this judgment Thompson and wife appealed.

*Mr. J. B. Allen,* and *Mr. D. J. Crowley,* for the Appellants.

The complaint in the above action does not state facts sufficient to constitute a cause of action.    The plaintiffs were simple creditors of defendant James B. Thompson. Prior to the time Thompson conveyed to his wife, plaintiffs had acquired no lien upon his property by judgment attachment or otherwise.    Before such a lien is acquired, the debtor has full dominion over his property; he may convert one species of property into another, and he may alienate to a purchaser.    Equity cannot be invoked until there is a fruitless effort at law.    (*Adler* v. *Fenton,* 24 How. 407; *Jones* v. *Green,* 1 Wall. 330; *Smith* v. *Railroad Co.,* 99 U. S. 398; *Lamb* v. *Stone,* 11 Pick. 527; 3 Pomeroy's Eq. Jur., sec. 1415; *Claflin* v. *McDermott,* 12 Fed. Rep. 375.)    The default of the defendants admitted only those facts which were well pleaded in the complaint.    And if the facts therein stated did not constitute a cause of action, the judgment is void, and the objection can be made at any time. (Code, sec. 81; *Hallock* v. *Jaudin,* 34 Cal. 167.)    The court erred in attempting to grant equitable relief, and that portion of the judgment and decree is absolutely void, because not authorized by law.    In the case of *Bigelow* v. *Forrest,* 9 Wall. 351, it was held by the Supreme Court of the United States that a judgment in a confiscation case condemning the fee of the property was void for the remainder after the termination of the life estate of the owner.    To the objection that the decree was conclusive, that the entire fee was confiscated, Mr. Justice Story, speaking the unanimous opinion of the court, replied: "Doubtless a decree of a court having jurisdiction to make the decree cannot be impeached collaterally, but under the act of Congress the District Court had no power to order a sale which should confer upon the purchaser rights outlasting the life of

French Forrest [the owner]. Had it done so, it would have transcended its jurisdiction." (*Bigelow* v. *Forrest,* 9 Wall. 351.) The court transcended its jurisdiction in attempting to grant any equitable relief. (*Windsor* v. *McVeigh,* 93 U. S. 274; *Ex parte Lange,* 18 Wall. 163.)

*Messrs. Caton & Stanford, in propria personæ.*

Equity may be invoked before a fruitless effort at law. The default in this case cures all mere defective allegations of fact in the complaint. It is only the absence of material and jurisdictional facts, rendering it radically defective,—a complaint stating no cause of action,—that can be taken advantage of on appeal after default. (*Hunt* v. *San Francisco,* 11 Cal. 250; *Heutsch* v. *Porter,* 10 Cal. 555; *Barrow* v. *Fink,* 30 Cal. 489; *Hallock* v. *Jaudin,* 34 Cal. 167.) The appellees had no other remedy; the complaint is in all particulars sufficient; the court had jurisdiction of the subject-matter and the parties, and proceeded regularly in all things to judgment. An act of Congress relating to practice in territorial courts (18 U. S. Stats. at Large, p. 27) authorizes the mingling of common-law and chancery jurisdiction, and section 102 of the Code does not conflict with it. If it does, then the act of Congress is paramount, and must control the practice. (See also secs. 1, 73, 74, 76, 204, 2121, and 2129 of Code. A creditor may proceed in one and the same action under said act of Congress, establish his demand, and set aside a fraudulent conveyance by his debtor, and subject the property so conveyed to the satisfaction of the judgment in the suit. In view of the authorities herewith cited, the case was properly brought, and the court acted within its jurisdiction, and the judgment is not void or even voidable. (Freeman on Judgments, 3d ed., secs. 485–488; *Thurmond* v. *Rees,* 46 Am. Dec. 440; *Multnomah Street R'y Co.* v. *Harris,* 13 Or. 198; *Kohn* v. *Solomon,* 10 Saw. 189; 2 Wait's Actions and De-

fenses, 417; 3 Id. 196; 1 Id. 47; Bliss on Code Pleading, secs. 114, 162, 167.)

Mr. Justice HOYT delivered the opinion of the court.

Appellees filed their complaint in the court below, alleging facts sufficient to authorize a money judgment against one of the appellants, and further alleging that, subsequent to the incurring of the indebtedness set forth in the complaint, certain real estate had been fraudulently and without consideration conveyed by the debtor to the other appellant for the purpose of defrauding creditors; and in their complaint they asked for such money judgment against the defendant owing the debt, and also as against both defendants, that the said conveyance be set aside for fraud and the property subjected to the payment of the said money judgment. This complaint was upon default of defendants taken as confessed, and judgment and decree rendered thereon as prayed, which is now here for review. Under these circumstances, the only question which this court is called upon to decide is as to the sufficiency of the complaint to sustain the judgment. So far as the money judgment against the debtor is concerned, there seems no reason to doubt the sufficiency of the complaint and the regularity of such judgment. But it is contended that the complaint does not state facts sufficient to constitute a cause of action in equity; and if this is so, it of course follows that so much of the judgment as attempts to give equitable relief must be vacated and set aside, as such a defect in the complaint can be taken advantage of at any time as well in this court as in the court below. (Code 1881, sec. 81.)

Counsel for appellees contend that a court of equity will interfere in aid of a creditor when it appears that he cannot collect his debt by the ordinary process of law, though it appears that he has not reduced his claim to judgment, nor in any manner obtained any lien upon

the property in regard to which he seeks such aid; and if this position is true, then it is possible that the allegations of this complaint are sufficient. This, then, is the only question in this case.

It is conceded that the old authorities fully established the doctrine that a court of equity would not thus interfere until the creditor had exhausted his remedy at law, but it is claimed that under the reformed practice established by our Organic Act, and the laws enacted thereunder, the situation has been changed, and that equity will now interfere as above stated. No authority, however, has been cited that goes so far as to support such claim, with the possible exception of the case of *Macondray* v. *Simmons*, 1 Cal. 393; and we do not think that case sufficiently well reasoned to justify us in following it against the large array of authorities cited taking a different view.

We are satisfied with the reasoning of Judge Deady in the case of *Kohn* v. *Solomon*, 10 Saw. 183, cited by counsel for appellee; but it certainly cannot be claimed that he has gone so far as to justify the claim of appellees above referred to, as the only manner in which that case tends to change the old rule stated is to hold that a court of equity will extend its aid to a lien by attachment, even although the creditor had not exhausted his remedy at law; yet with the exception of the case in 1 California, above cited, we have had our attention called to no case going further, from which it must follow that upon authority the claim of appellees is not tenable. And we see no peculiarities growing out of our system or laws to justify any special rule here, as in our opinion the respective jurisdictions in law and in equity have been in no manner changed by the laws of this territory, the only effect thereof being to allow them to be joined in the same action, without at all affecting the allegations in either necessary to constitute a cause of action.

It follows that the judgment must be vacated and set

aside as far as it attempts to give equitable relief. The cause will be remitted to the court below, with instructions to thus vacate and modify the judgment, and then proceed thereunder as required by law. The appellants will recover their costs on appeal.

Greene, C. J., and Turner, J., concurred.

Langford, J., did not participate in the hearing or decision of this case.