[No. 6851.   Decided November 26, 1907.]

M. O'DAY *et al.*, *Appellants*, v. JACOB AMBAUM *et al.*, *Respondents.*[1]

PLEADING—COMPLAINT—DEMURRER—WAIVER.   An order overruling a demurrer to a complaint for want of sufficient facts, followed by an answer, does not preclude the court from sustaining defendant's objection to any evidence at the trial on the ground that the complaint does not state sufficient facts, and that the evidence offered was insufficient to warrant a decree, where, under the most liberal rules of construction, the defect in the complaint and cause of action was one of substance which could not be cured by amendment.

FRAUDULENT CONVEYANCES — RIGHTS OF CREDITORS — PRIOR JUDGMENT OR LIEN—PRINCIPAL AND SURETY.   An action to attack or sustain a fraudulent transfer of a debtor's property cannot be main-

[1]Reported in 92 Pac. 421.

tained by a simple contract creditor prior to obtaining judgment or a specific lien upon the property; and a surety upon a contractor's bond is such a simple contract creditor.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 25, 1907, upon sustaining defendants' objection to the introduction of evidence, dismissing an action to enjoin the conveyance of real estate. Affirmed.

*Vince H. Faben,* for appellants.

*Aust & Terhune,* for respondents.

CROW, J.—This action was commenced by M. O'Day and the Title Guaranty & Surety Company, a corporation, against Jacob Ambaum, Frank Conrad, Harry Wakes, Charlotte Wakes, his wife, and Charlotte La Croix, to enjoin the conveyance of certain real estate. The plaintiffs allege that on April 1, 1906, the defendant Jacob Ambaum entered into a contract with King county to construct a certain wagon road; that he as principal and the plaintiffs as sureties executed and delivered to King county a bond for the faithful performance of his contract; that about May 1, 1906, defendant Ambaum formed a partnership with the defendants Frank Conrad and Harry Wakes, for the purpose of performing the contract and constructing the road; that the partnership proceeded with the work; that shortly thereafter dissensions arose, and that an action is now pending in the superior court of King county wherein Harry Wakes as plaintiff seeks to dissolve the partnership. The complaint further alleges:

"(6) That the said defendants have mismanaged the said work in lax manner and have mismanaged the finances of said partnership and that said partnership is now insolvent and the said road cannot now be constructed for the price agreed upon between the partners nor for at least two thousand dollars additional and that there is outstanding about a thousand dollars in unpaid bills of the said partnership for material used upon said road and that the said defendants have already lost to these plaintiffs more than two thousand dollars over

and above the contract price by his mismanagement and misfeasance in the construction of said road and that the defendants are insolvent and have no property except such as is exempt from execution by law, except the defendants Harry Wakes and Charlotte Wakes, his wife, who are the owners of block 22 of Jordan's Acre Garden Tracts in King county, Washington, and that said property is the community property of the said Harry Wakes and wife.

"(7) That the said defendants Harry Wakes and wife have disposed of their property to deft. Le Croix, the daughter of deft. Wakes, without consideration for the purpose of avoiding their liability to the plaintiffs and to the said partnership in the construction of said county road and for the purpose of defeating any claims the plaintiffs might have against said defendants by reason of their defalcation in the performance of their contract aforesaid and that these plaintiffs are without remedy at law to protect their interests as aforesaid. That said property is described as block 22 of Jordan's Acre Gardens in King Co. Wash.

"(8) That it will take about forty days from the date of this complaint within which to complete and perform the said contract for the construction of said county road and to determine the amount of liability of the said defendants to these plaintiffs by reason of their said defalcation."

The plaintiffs demanded judgment restraining and enjoining the defendants from disposing of their nonexempt property until plaintiffs' liability as sureties on the bond could be determined. A general demurrer to the complaint was overruled. Thereupon the defendants Harry Wakes, Charlotte Wakes, his wife, and Charlotte La Croix, answered, and the plaintiffs replied. When the case was called for trial, the answering defendants objected to the introduction of evidence, on the ground that the complaint did not state a cause of action, and that the evidence offered was insufficient to sustain a decree. The objection being sustained, a final order was entered, dismissing the action, and the plaintiffs have appealed.

The appellants contend that the order overruling the respondents' demurrer adjudicated the sufficiency of their com-

plaint, became the law of the case, and thereafter bound the trial court. Bal. Code, § 4911 (P. C. § 378), provides that the objection that the complaint does not state facts sufficient to constitute a cause of action can be made at any stage of the proceedings. This court, however, has held that a defendant's failure to interpose a demurrer to a complaint, followed by an objection to its sufficiency made for the first time at the trial, will cause the court, in passing upon such objection, to bring to the support of the complaint every reasonable intendment and legitimate inference that may be drawn from its allegations, and also from the evidence adduced to sustain the plaintiffs' cause. If, on an application of this test, it appears that the defect in the plaintiff's complaint and cause of action is one of substance which cannot be cured by amendment or evidence, then it is the duty of a trial court to sustain the objection and dismiss the action. By the demurrer, which was not withdrawn or waived, the appellants were advised of the respondents' contention that their complaint was insufficient, and they might have anticipated the objection afterwards made. Nevertheless, if we apply to the allegations of the complaint and the evidence offered the most liberal rules of construction, we are compelled to hold that the trial court committed no error in sustaining the respondents' objection and dismissing the action.

The only additional fact suggested by the evidence offered and not covered by the allegations of the complaint, was that the appellants, as sureties on the bond of the defendant Ambaum, had undertaken the completion of the contract to protect themselves from further loss. It was not alleged, nor was it contended, that they had obtained any judgment against the respondents, or lien against their property, that they had commenced any action to recover damages, or that their damages had been liquidated. A simple contract creditor cannot, prior to obtaining a judgment or lien, attack as fraudulent his debtor's transfer of nonexempt property which might be applicable to the payment of his claim, nor can he

sustain an action to enjoin a threatened fraudulent transfer of his debtor's property until he has obtained a specific lien upon such property. 20 Cyc. 683; *Thompson v. Caton,* 3 Wash. Ter. 31, 13 Pac. 185; *Rothchild Bros. v. Trewella,* 36 Wash. 679, 79 Pac. 480, 104 Am. St. 973; *Alder v. Fenton,* 24 How. 407, 16 L. Ed. 696; *Uhl v. Dillon,* 10 Md. 500, 69 Am. Dec. 172; *Massey v. Gorton,* 12 Minn. 145, 90 Am. Dec. 287; *Wiggins v. Armstrong,* 2 Johns. Ch. 144.

Mr. Bump, in his work on Fraudulent Conveyances (4th ed.), at § 526, says:

"It is only by the acquisition of a lien that a creditor has any vested or specified right in the property of his debtor. Before such lien is acquired the debtor has full dominion over his property. He may convert one species of property into another, and he may alienate to a purchaser. The rights of the debtor and those of the creditors are thus defined by positive rules, and the point at which the power of the debtor ceases and the rights of the creditors commence is clearly established. A creditor without such lien cannot obtain an injunction to prevent the debtor from disposing of his property, although he has reason to apprehend that such disposition may be fraudulent."

Some of the reasons for the rule above mentioned are well stated by the supreme court of Illinois in *Shufeldt v. Boehm,* 96 Ill. 560, 564, in the following language:

"If the property of an honest, struggling debtor could be tied up by injunctions upon mere unadjusted legal demands, he would be constantly exposed to the greatest hardships and grossest frauds, for which the law would afford no adequate remedy. By taking his property out of his hands before the claim is due, or before its justice has been established by a judgment, in many cases would be to deprive him of the means of payment, and even of the means of defending himself against a vexatious and oppressive suit. In other cases, to prevent ruin to his business pending such litigation, he would be forced into unconscionable compromises involving losses he would be unable to bear. Moreover, such a rule as that contended for would be a constant temptation to selfish and avaricious creditors to endeavor, by the institution of such

suits, to obtain an unjust advantage over other creditors, and, by reason thereof, litigation would be greatly increased, to the detriment of business generally, and to the ruin of many honest, struggling debtors. Every consideration, therefore, of public policy demands a strict adherence to the rule which forbids the institution of such suits."

The appellants further claim that, being sureties, they occupy a trust relation with respondents; that they have superior equities by reason of their suretyship which entitle them to the injunctive relief sought. That appellants, although sureties, are simple contract creditors, as contended by the respondents, is shown by the following authorities: *Sanders & McLaughlin v. Watson,* 14 Ala. 198; *Washington v. Norwood,* 128 Ala. 383, 30 South. 405; *Mugge v. Ewing,* 54 Ill. 236.

No direct contract relation between appellants and the respondents who have appeared in this action has been alleged or shown. Appellants were sureties upon a bond in which Jacob Ambaum was the sole principal. But if it be conceded that a contract relation does exist between them and any of the respondents which will entitle them to recover a judgment against such respondents for damages sustained by appellants as sureties upon the bond, still they are not now entitled to the equitable relief sought in this action, for they have not yet reduced their claims to judgment, nor have they obtained any specific lien upon the property here involved.

The judgment is affirmed.

HADLEY, C. J., MOUNT, DUNBAR, ROOT, RUDKIN, and FULLERTON, JJ., concur.