J. F. PERKINS and JOHN WARDROP and LYDIA A.
WARDROP, Husband and Wife, Respondents, v. De
WITT BUNDY, Appellant, and E. BUNDY and SIG
MORRELL, Sheriff of Camas County, Idaho, Defend-
ants.

[247 Pac. 751.]

FRAUDULENT CONVEYANCES — MORTGAGES — FORECLOSURE — RIGHTS OF
MORTGAGEE—RIGHTS OF GENERAL CREDITOR—CLASSES OF PROPERTY
SUBJECT TO REAL ESTATE MORTGAGE—FIXTURES AS PART OF MORT-
GAGED PROPERTY.

1. Evidence that son was father's partner, rather than em-
ployee, and of fraudulent intent, *held* sufficient to sustain finding
that judgment by son against father was collusive and in fraud
of creditors.

2. Mortgagees before obtaining deficiency judgment under
decree of foreclosure are not creditors entitled to maintain
action to set aside fraudulent conveyance by mortgagor.

3. Creditor not having lien on property alleged to have been
fraudulently conveyed cannot maintain action to set aside
fraudulent conveyance until reducing claim to judgment.

4. Under C. S., sec. 6949, decree of foreclosure of mortgage
is not personal judgment, and no personal judgment can be
entered until after foreclosure sale.

5. Mortgagee before obtaining deficiency judgment cannot
attack judgment taken against mortgagor as fraudulent.

6. Mortgagee cannot complain of fraud in procuring judg-
ment against mortgagor as to property covered by mortgage,
since any sale under judgment must be subject to mortgagee's
right.

7. Under C. S., sec. 6370, certificates of sale of school lands
are subject to real estate mortgage.

8. Under C. S., sec. 6370, interest of purchaser under con-
tract is interest in real property that may be mortgaged.

9. C. S., sec. 3102, defining personal property for taxation,
*held* not to change rule that purchaser's interest under land
contract is mortgageable interest in real estate, and affidavit
of good faith under section 6375 is not required to make mort-
gage valid against purchaser's creditors.

10. In absence of showing that buildings affixed to land were not a part thereof, mortgage of them would not require formalities of affidavit and recording as chattel mortgage under C. S., sec. .6375.

11. In absence of showing in lease with reference to improvements on school lands or of any agreement between state and lessee with reference thereto, it will be presumed that buildings are real property subject to be mortgaged as such.

APPEAL from the District Court of the Fourth Judicial District for Camas County. Hon. Henry F. Ensign, Judge.

Action to set aside a judgment and enjoin sale under execution. Judgment for plaintiffs. *Reversed* and *remanded.*

R. M. Angel, for Appellant.

D. W. Zent, for Respondents, John Wardrop, and Lydia A. Wardrop.

The plaintiff cannot be permitted to attack a decree of DeWitt Bundy, unless his interests would be affected by the enforcement of the judgment, and those interests must have accrued prior to the rendition of the judgment. (*Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158.)

In order to maintain an action of this kind the pleadings must show that the fraud was practiced upon him.

---

Publisher's Note.

3. Reducing claim to judgment as condition precedent, see notes in 14 Am. St. Rep. 745; 4 L. R. A. 354; 67 L. R. A. 612. See, also, 12 R. C. L. 626.

4. See 19 R. C. L. 668.

8. See 19 R. C. L. 291.

11. See 11 R. C. L. 1081.

See Fixtures, 26 C. J., sec. 39, p. 676, n. 21.

Fraudulent Conveyances, 27 C. J., sec. 115, p. 474, n. 31; sec. 119, p. 475, n. 44; sec. 579, p. 727, n. 53; sec. 781, p. 835, n. 63.

Mortgages, 27 Cyc., p. 1035, n. 89; p. 1037, n. 3; p. 1038, n. 12; p. 1107, n. 55; p. 1642, n. 55; p. 1756, n. 2.

Nor can the plaintiff set up any matter of defense original or subsequent. (1 Black on Judgments, pp. 293, 294.)

In *Lewis v. Christopher*, 30 Ida. 197, 163 Pac. 916, the court decided that a contract to purchase state land which carried with it the right to possession was real property. This decision so confused the state departments in the collection of taxes that the law was amended, designating this class of property as personal property. (C. S., secs. 2908, 3102, 3283; *People v. Owyhee Lumber Co.*, 1 Ida. 420; *Casey v. Edwards*, 123 Wash. 661, 212 Pac. 1082).

Failure to attach to a chattel mortgage an affidavit to the effect that it was made in good faith without any design to hinder, delay or defraud creditors, is void as against creditors. (*Beeler v. C. C. Mercantile Co.*, 8 Ida. 644, 1 Ann. Cas. 310, 70 Pac. 943, 60 L. R. A. 283; C. S., sec. 6375.)

J. G. Hedrick and Frank Croner, for Respondent Perkins.

The mortgage being on the equity E. Bundy had in school land and improvements thereon and on improvements on other school land held by him under lease from the state, was a real estate mortgage within C. S., sec. 5325.

A chattel mortgage on buildings affixed to land creates no lien thereon. (*Beeler v. C. C. Mercantile Co.*, 8 Ida. 644, 1 Ann. Cas. 310, 70 Pac. 943, 60 L. R. A. 283.)

A judgment at law and a sale of a debtor's property thereunder will be set aside in equity, although founded upon a just debt, if procured by collusion to be used as a cover to protect his property from other creditors, or for the purpose of giving a preference to one creditor over others, or otherwise intended to defraud creditors. (1 Moore on Fraudulent Conveyances, pp. 41, 42.)

BRINCK, Commissioner.—Suit is brought by plaintiffs to set aside, as in fraud of creditors, a judgment obtained by defendant DeWitt Bundy against defendant E. Bundy, of whom plaintiffs claim to be creditors, and to enjoin sale,

under execution issued upon the alleged fraudulent judgment, of property of E. Bundy. The property so levied upon consists of certificates of sale of state lands, held by E. Bundy as purchaser, and improvements upon other state lands, which lands E. Bundy holds under lease, and certain other personal property. The levy has been made upon all of said property as personal property. It appears from the complaint that the debt under which plaintiffs claim consists of promissory notes of defendant E. Bundy, of date October 15, 1919, aggregating $10,000, given to plaintiffs Wardrop, of which notes, two for the aggregate sum of $4,000, were, prior to maturity, assigned to plaintiff Perkins. To secure the payment of the notes and concurrently with their execution, E. Bundy and wife executed and delivered to the Wardrops, a real estate mortgage upon certain property, including their interest in the lands held by E. Bundy under certificate of sale from the state, which certificate of sale has been levied upon by defendant sheriff under said execution as personal property, and including also the improvements, consisting of dwelling-house and farm buildings, located upon the leased land, upon which improvements the sheriff has likewise levied the execution as upon personal property.

It further appears that the judgment in question was obtained by DeWitt Bundy on April 12, 1922, and that on March 29, 1923, plaintiffs procured a decree of foreclosure under their real estate mortgage, decreeing that all the property covered by the mortgage be sold under the lien thereof; but it appears from the complaint that the order of sale under said decree of foreclosure has not been executed. Plaintiffs allege, however, that the value of the property is insufficient to pay the mortgage debt, and that a deficiency will arise upon the foreclosure sale.

DeWitt Bundy is the son of E. Bundy, and his judgment is based upon a claim of said DeWitt Bundy against his father for wages, covering a period of eleven years; suit was instituted by DeWitt Bundy, and his father suffered the judgment to be rendered against him without contest.

The complaint alleges that no debt existed from E. Bundy to DeWitt Bundy, and that the judgment was collusively suffered and obtained in fraud of creditors of E. Bundy, including plaintiffs.

The court overruled a general demurrer to the complaint, and defendants answered, denying the facts upon which plaintiffs' claim of fraud and collusion was based. The court found for plaintiffs upon the issues, and entered a decree setting aside the judgment of DeWitt Bundy, and enjoining any sale, under the execution, of any of the property which had been levied upon, including some personal property which the mortgage to plaintiffs did not purport to cover. From this judgment, defendant DeWitt Bundy appeals.

[1] It is contended by appellant that the evidence is insufficient to sustain the finding of the trial court that the DeWitt Bundy judgment was collusive and in fraud of creditors. There is, however, evidence in the record tending to show that defendant DeWitt Bundy was a partner of his father rather than an employee, and some evidence of actual fraudulent intent. The evidence is sufficient to sustain the finding of the court in this respect.

[2] The assignment of error based on the overruling of the general demurrer presents a more serious question. Appellant contends that plaintiffs, not having yet obtained a deficiency judgment under decree of foreclosure, are not creditors entitled to maintain an action to set aside a fraudulent conveyance by the mortgagor. So far at least as the complaint seeks relief against the sale of property not included in the terms of the mortgage, this objection is good.

[3] It is elementary that, in general, until the creditor has reduced his claim to judgment, at least in the absence of a lien upon the property alleged to have been fraudulently conveyed, he cannot maintain an action to set aside his debtor's conveyance as fraudulent. (*Sewell v. Price,* 164 Cal. 265, 128 Pac. 407; *Brown v. Campbell,* 100 Cal. 635, 38 Am. St. 314, 35 Pac. 433; *O'Day v. Ambaum,* 47 Wash. 684, 92 Pac. 421, 15 L. R. A., N. S., 484; Bump on Fraudu-

lent Conveyances, 3d ed., p. 533 et seq.) ; nor can he maintain an action to restrain a debtor from disposing of his property (*O'Day v. Ambaum, supra; Brumbaugh v. Jones,* 70 Neb. 786, 98 N. W. 54; 2 Moore on Fraudulent Conveyances, p. 1041; Bump on Fraudulent Conveyances, 3d ed., p. 527).

[4] A decree of foreclosure of a mortgage is in no sense a personal judgment, and no personal judgment can be entered until after the foreclosure sale (C. S., sec. 6949; *Barnes v. Buffalo Pitts Co.,* 6 Ida. 519, 57 Pac. 267) ; and prior to the entry of a deficiency judgment, such action cannot be maintained by a mortgagor (*Cotes v. Bennett,* 183 Ill. 82, 55 N. E. 661). The complaint is insufficient to entitle plaintiffs to relief as to personal property which is not described in plaintiffs' mortgage.

[5] Nor does the complaint state any ground for equitable relief as to the property levied upon which plaintiffs' claim is covered by their mortgage. If plaintiffs' mortgage is not a lien upon the mortgagors' interest in the land purchased from the state, nor upon the improvements on the leased land, plaintiffs, for the reasons just stated, are not in a position to attack the judgment as fraudulent, no deficiency judgment having been obtained. [6] On the other hand, if the mortgage is a lien upon this property, it is prior to any rights that can be obtained by sale under the Dewitt Bundy judgment, and any sale must be subject to plaintiffs' rights; and plaintiffs, not being hindered or delayed by a sale under the execution, since it must be made subject to their rights, cannot complain of fraud against creditors in the procurement of the judgment. (Bigelow on Fraudulent Conveyances, pp. 497, 498; 27 C. J. 474.) So far as the interest of E. Bundy in the school lands held under certificates of sale is involved, the mortgage, being duly recorded as a real estate mortgage, has priority over the levy made by the sheriff, if indeed a levy upon or sale of the mere certificates of sale as personal property is of any effect.

[7, 8] C. S., sec. 6370, governing real estate mortgages, provides that any interest in real property which is capable of being transferred, may be mortgaged. The interest of a vendee under a contract to purchase real estate, is an interest in real property that may be transferred, and hence may be mortgaged. (1 Jones on Mortgages, 7th ed., sec. 136; *Tripler v. MacDonald Lumber Co.,* 173 Cal. 144, 159 Pac. 591; *Bank of Louisville v. Baumeister,* 87 Ky. 6, 7 S. W. 170.)

[9] Appellant's contention that such interest is personal property, and that the mortgage is not good as against him, because not accompanied by the affidavit of good faith required in case of chattel mortgages (C. S., sec. 6375), is based upon C. S., sec. 3102, which defines as personal property for the purpose of taxation, equities in state land; but C. S., sec 3102, purports only so to classify such equities for the purpose of taxation, and does not change or purport to change the general rule that the interest of a vendee under a contract to purchase land is a mortgageable interest in real estate. The situation cannot be affected by the fact that the state, rather than an individual, is the vendor; but the same rule has been held to apply to certificates of sale of state land. (*Jarvis v. Dutcher,* 16 Wis. 307.)

[10, 11] As to the improvements on the land leased from the state, the complaint states no facts which would fix the character of personalty upon them. Plaintiffs contend that these improvements are real estate. Under some circumstances, they might be personal property; but *prima facie,* the buildings affixed to land become a part thereof, and in the absence of other showing, a mortgage of them would not require the formalities of a chattel mortgage. (Jones on Chattel Mortgages, 5th ed., sec. 123; *Docking v. Frazell,* 34 Kan. 29, 7 Pac. 618.) What were the terms of the lease with reference to these improvements, or whether there was any agreement between the state and the mortgagor with reference thereto, the complaint does not allege; nor are any facts alleged which would overcome the pre-

sumption that such buildings were real property. The question is thus not presented as to whether a mortgagee of chattels, where the mortgage, through lack of affidavit of good faith, is void as to creditors, may in this form of action attack the rights of one claiming as a creditor of the mortgagor.

The demurrer should have been sustained. The judgment should be reversed, and the cause remanded.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded with instructions to the lower court to sustain the demurrer. Costs to appellant.