(June 7, 1913.)

G. W. TRITTHART, Appellant, v. MARTHA TRITTHART, Administratrix of the Estate of C. F. TRITTHART, Deceased, Respondent.

[133 Pac. 121.]

NEGOTIABLE INSTRUMENT—PAYMENT—SUFFICIENCY OF EVIDENCE—NON-SUIT.

1.  Where a promissory note is executed and delivered to a bank by two persons, and the note upon its face contains the following language, "we promise to pay," such note upon its face is a joint and several liability, and such note is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value.

2.  In an action by G. W. T. against the administratrix of C. F. T., deceased, to recover upon an implied contract, where it is claimed that G. W. T. signed as surety upon a note wherein C. F. T. was principal, and such note was executed for a debt of C. F. T., and the evidence shows that the note was in the possession of G. W. T., and was introduced in evidence, and that there was indorsed upon said note "paid by G. W. T.," such note and the indorsement, with other evidence that the same was paid by G. W. T., is sufficient to establish a *prima facie* case, and it is error of the trial court to grant a nonsuit.

3.  Where a motion for a nonsuit is made at the conclusion of plaintiff's evidence, and certain grounds are assigned in such motion, and the motion is sustained, and an appeal is taken from the

order and judgment of the court upon said motion, this court will not consider errors assigned by counsel in their brief which were not included in the motion for a nonsuit.

APPEAL from the District Court of the Fourth Judicial District for Blaine County.   Hon. Edward A. Walters, Judge.

Action upon a promissory note.   Nonsuit granted.   Appeal from order.   *Reversed.*

J. D. Hedrick, for Appellant.

The plaintiff, under sec. 5957, Rev. Codes, could not testify as to the nonpayment of the note, but, in the absence of testimony to the contrary, the note itself, as stated above, is sufficient evidence of the nonpayment of the note to take the case to the jury.   (*Light v. Stevens,* 159 Cal. 288, 113 Pac. 659; *Sheffield v. Cleland,* 19 Ida. 612, 115 Pac. 20.)

McFadden & Brodhead, for Respondent.

"Where two persons execute a note, one as principal and the other as surety, and a judgment obtained upon the note is paid by the surety, the obligation of the principal to repay the surety is not 'founded upon a written instrument' within the meaning of the statute."   (*Chipman v. Morrill,* 20 Cal. 132; *Miller v. Ziegler,* 3 Utah, 17, 5 Pac. 618; *Guild v. Mc-Daniels,* 43 Kan. 548, 23 Pac. 607; *Richter v. Henningsan,* 110 Cal. 530, 42 Pac. 1077; *Faires v. Cockrill,* 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; *Sparks v. Childers,* 2 Ind. App. 187, 47 S. W. 316.)

STEWART, J.—This is an action upon an implied contract for the recovery of the sum of $722.65 and interest. The complaint alleges that on the 26th day of August, 1906, the plaintiff, G. W. Tritthart, and Charles F. Tritthart, deceased, delivered to the First National Bank of Centralia, Indian Territory, their joint and several promissory note for the sum of $788.45, dated August 26, 1906; that the plaintiff received no consideration for the note, but signed the same

as an accommodation for the said C. F. Tritthart; that C. F. Tritthart did not pay the note at maturity, and that plaintiff was compelled to pay the same, and did, on the 13th day of June, 1907, pay the sum of $788.95 in discharge of said note, and that no part of said note has been paid to the plaintiff except the sum of $150 on the 9th day of January, 1909, and $150 on the 10th day of February, 1910, and that there is due $722.65; that G. W. Tritthart died on the 28th day of July, 1911, and that Martha Tritthart was duly appointed administratrix of said estate, and that letters of administration were duly issued to her. Then follows an allegation to the effect that on the 6th of January, 1912, the claim set forth, duly verified by the oath of the attorney for the claimant, and upon which this action is founded, was duly presented in writing by the plaintiff to the defendant as such administratrix, for allowance, and that the same was rejected on the 22d day of January, 1912.

The defendant, as administratrix, filed an answer and denied all the allegations of the complaint, except the death of the deceased, her appointment as administratrix and the presentation of the claim as alleged in the complaint. Upon these issues a jury was called and the evidence taken, and upon the conclusion of the plaintiff's evidence the respondent made a motion for a nonsuit upon the ground that plaintiff had failed to sustain the material allegations of the complaint, and the jury was dismissed and judgment ordered for the defendant. This appeal is from that judgment.

It seems from the allegations of the complaint, and also the brief of counsel for appellant, that the appellant considered the action as an action upon a written contract. The answer of the respondent also indicates that the defendant considered the action to be an action upon a written contract, for in the answer the defendant has plead as a defense the statute of limitations, sec. 4052, Rev. Codes. This section prescribes the period within which actions other than for the recovery of real property shall be commenced: "Within five years: An action upon any contract, obligation, or liability founded upon an instrument in writing."

Counsel for respondent, however, in their brief and upon oral argument, contend and argue that the insertion in the answer of sec. 4052 was intended to have been sec. 4053. This latter section prescribes: "Within four years: An action upon a contract, obligation, or liability, not founded upon an instrument of writing"; and that under this contention this action cannot be sustained, because the claim of plaintiff is barred by the statute of limitations, sec. 4052.

This allegation, however, was not amended in the lower court, and the appellant does not contend in his brief, and did not upon oral argument contend, that a mistake was not made by the designation of sec. 4052 instead of sec. 4053.

We are of the opinion that respondent cannot urge this question in this court, because the same was not presented to the trial court. From the record it appears that the action is not barred by the statute of limitations, if the action is upon a written instrument; upon the other hand, if the action is upon an implied contract, the action is barred by sec. 4053. This question, however, was not raised in the lower court, and cannot be raised upon this appeal. The respondent is bound by the answer.

As to the character of the action, we think there can be no question. In paragraph 2 of the complaint it is alleged that the plaintiff received no consideration for the note, and it is alleged that he signed the same as an accommodation for the said C. F. Tritthart, at his request and upon his promise to pay the note at maturity. The rule of law under such facts is generally recognized to be, that a surety who pays a note may sue the maker at law upon an implied promise to indemnify him, or in equity upon the note, as being subrogated to the rights of the payee. The allegations of the complaint above quoted are not denied in the answer, and the allegations show that the plaintiff's obligation upon the note was that of suretyship. The right of action, therefore, was the right of action of a surety to recover reimbursement from his principal, which accrues when the surety pays the debt, and the obligation of the principal to repay the surety is not founded upon a written instrument within the meaning of

the statute of limitations. (25 Cyc. 1113; *Miller v. Zeigler,* 3 Utah, 17, 5 Pac. 518; *Chipman v. Morrill,* 20 Cal. 130; *Guild v. McDaniels,* 43 Kan. 548, 23 Pac. 607; *Richter v. Henningsan,* 110 Cal. 530, 42 Pac. 1077; *Faires v. Cockrill,* 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; *Sparks v. Childers,* 2 Ind. Ter. App. 187, 47 S. W. 316.)

We think, therefore, that there can be no question in this case but that the action is upon an implied promise, and not upon a written instrument. The note may be received in evidence for what it shows, but the right of recovery is not upon the note.

The evidence consists entirely of the introduction of the promissory note and parts of a deposition. The note reads as follows:

"$788.45.            Centralia, Ind. Ter., Aug. 26, 1906.

"6 months after date we promise to pay to the order of First National Bank of Centralia, I. T.

Seven Hundred Eighty eight 45/100..............Dollars for value received, payable at the office of BANK OF CENTRALIA, Ind. Ter., with interest thereon at the rate of 8 per cent. per annum from maty. until paid, payable annually, and if the interest be not paid when due, the same shall become a part of the principal and bear the same rate of interest. We, the makers, sureties, guarantors and endorsers, severally waive presentment for payment, protest and notice of protest, and non-payment of this note, and consent that time of payment may be extended without notice thereof.

"P. O. Coadys Bluff, I. T.

"Due 2—26—1907.        (Signed)    C. F. TRITTHART.
"No. 1256.                        G. W. TRITTHART"

The indorsements upon the note are as follows:

"June 13, 1907.......................Int. to date   10.50
                                    Prin.       788.45
                                                _____
"Paid by G. W. Tritthart.              .          798.95

"By cash, 150.00, January 9, 1909. By cash 150.00, Feb. 10, 1910."

It is admitted that the note was in the possession of the plaintiff when this action was commenced, and that he presented the same in evidence. The evidence shows, and the trial court in passing upon the motion for a nonsuit found, by "evidence in the deposition [of G. W. Tritthart] that G. W. Tritthart signed the note as surety."

Counsel for appellant relies solely upon the ruling of the trial court in granting a nonsuit, and contends that the introduction of the note itself was sufficient to prove the cause of action alleged in the complaint, and that the note itself is sufficient under the issues to show due execution and that plaintiff paid the note, and in the absence of evidence of non-payment, was sufficient to require the court to submit the question of payment to the jury, and that it was error of the trial court to sustain a motion of nonsuit. To sustain this position our attention is called to two cases: *Sheffield v. Cleland,* 19 Ida. 612, 115 Pac. 20, and *Light v. Stevens,* 159 Cal. 288, 113 Pac. 659. The case of *Sheffield v. Cleland* was a case where a promissory note was executed by McBee to Cleland, and Cleland, after maturity, indorsed said promissory note and assigned the same to Sheffield. Sheffield brought the action against Cleland, the indorser. In that case this court held that the introduction in evidence of the note was *prima facie* evidence that the debt evidenced thereby was unpaid.

In the case of *Light v. Stevens, supra,* the supreme court of California, in a case very similar to the one now considered, with the exception that the court in that case seemed to rely principally upon the provisions of secs. 1961 and 1963 of the Civil Code of California, held: "Defendant's contention in regard to the counterclaim is fully answered by the presumption declared by subd. 7 of sec. 1963, Code of Civil Procedure, viz.: 'That the money paid by one to another was due to the latter.' There is absolutely nothing in the evidence to contradict this presumption, and, 'unless so controverted, the jury are bound to find according to the presumption.' Sec. 1961, Code Civ. Proc."

The two sections of the statute referred to above are not incorporated in the code of this state. The court in the California case further discusses the question: "Upon the question of payment of the note we think that the evidence must be held sufficient to support the verdict. Owing to the fact that the lips of one of the parties to the transaction are closed by death, and those of the other party by the law, the evidence on this question is somewhat unsatisfactory. Nevertheless we believe that it sufficiently presented a pure question of fact for the jury, and that it cannot be held as a matter of law that any portion of the amount evidenced by the note was in fact paid by the debtor.

"Admittedly, the burden of proving the payment of the note was on the defendant. It is elementary that the possession of the note by the payee, bearing no indorsement of payment, raises a presumption of nonpayment of any portion of the amount thereof." The court then refers to sec. 1963 of the Code of California, and observes: "And the converse of this, viz., that possession by the payee is *prima facie* evidence of the nonpayment, is universally held."

The court then discusses the facts in that case and the presumption arising from the note itself, and upon whom the burden of proof rests, and says: "It is the ordinary course of business on the part of reasonably careful persons to require the delivery of their written obligations upon discharge thereof, or if this cannot be obtained, to require some written evidence of the discharge, and it would be quite a departure from 'the ordinary course of business,' which is presumed to have been followed (Code Civ. Proc., sec. 1963, subd. 20), to pay the full amount due on a note without receiving the note from the payee, or, if it cannot be delivered, some other evidence of payment. The burden of proving payment resting on the defendant, he must introduce evidence which warrants the conclusion of not only the mere delivery of money to the creditor, but the conclusion of the delivery of the money on account of the particular obligation in suit, for this is involved in the term 'payment' when applied to any particular obligation. This much seems very clear, and is

well supported by the authorities. The question about which there is more difficulty is as to what evidence warrants such conclusion. While it is one of the presumptions declared by our code 'that money paid by one to another was due to the latter,' and was therefore paid on account of some legal obligation of the payer to the payee (see, also, Lawson's Law of Presumptive Evidence, p. 419), if two or more such obligations are shown, and one of such obligations is a note held by the payee bearing no indorsement of payment, and there is nothing but the mere payment of money which could have been applied upon either obligation, there would be nothing to overcome the presumption of nonpayment of the note. The payer would not have satisfied the requirement of furnishing evidence warranting the inference that the payment was on account of the note rather than on account of other obligation or obligations." The court then quotes a number of authorities and says: "If, on the other hand, it is made to affirmatively appear that there was but one obligation or transaction, and a payment of money by the debtor to the creditor is shown, it would follow by reason of the presumption that money paid was due to the payee, that the money was paid on account of that obligation. There is apparently some confusion in the authorities as to the situation where the only obligation of the debtor expressly shown is the one in suit, the debtor having failed to introduce evidence tending to show that there was no other obligation, and there is nothing in the evidence bearing on that question. On the one hand, it is strongly maintained that the burden is on the debtor to produce evidence warranting the inference that there was no other obligation or transaction on which the money paid might properly be applied. . . . . While, on the other hand, it appears to be intimated that the payment being shown, the burden shifts to the payee to affirmatively show that there was some other obligation to which the money paid might properly be applied, and that in the absence of such showing the conclusion is inevitable that the payment was on account of the debt in suit." In the above case the court held that the case was one for the jury to determine upon the evidence.

The authorities above referred to approve principles of law applicable to the facts of this case. The note upon its face shows that the plaintiff and the deceased signed the same as joint principals. The complaint alleges that at the time G. W. Tritthart signed the note he signed the same for the accommodation of the deceased, and that he received no consideration for the signing of said note. This allegation is denied upon belief. No evidence, however, was introduced in support of this denial. It is also alleged in the answer, upon belief, that the note was not paid; there was no evidence offered by the defendant in support of this allegation of the answer. The defendant rests wholly upon the motion for a nonsuit, that the plaintiff had not introduced evidence sufficient to justify the court in submitting the cause to the jury.

There is indorsed upon the back of the note the following: "Jan. 13, 1907. Int. 10.50. Prin. 788.45," making a total of "798.95, paid by G. W. Tritthart." This writing appears to have all been done by the same scrivener. Who this scrivener was does not appear from the evidence. It may have been G. W. Tritthart, the plaintiff, or it may have been the cashier of the bank; but whoever the scrivener was, the indorsement clearly shows that G. W. Tritthart paid the note and paid the sum of $798.95. This, in our opinion, under the authorities cited above, supports the findings of the trial court, and establishes a *prima facie* case of payment on the part of G. W. Tritthart, and his being in possession of the note was sufficient, and the trial court erred in taking the case from the jury. Upon this evidence the question was not one of law, but of fact, and the question of fact was one for the jury, and not the trial court.

It will be observed from this opinion that this court has passed only upon the questions that were involved in the motion for a nonsuit, which have been indicated in the opinion. The other errors assigned in the brief of counsel for appellant are errors not included in the motion for a nonsuit.

For these reasons the judgment is *reversed* and a new trial granted. Costs awarded to appellant.

Ailshie, C. J., concurs.

SULLIVAN, J., Dissenting.—I am able to concur in the conclusion reached by the majority of the court. This is an action against an administratrix of the estate of a deceased person, and under subd. 3 of sec. 5957, Rev. Codes, the plaintiff could not testify in this case as to any matter of fact occurring before the death of the deceased person mentioned in the complaint. All of the material allegations of the complaint were put in issue by the denials in the answer. On the trial the deposition of one Montgomery, or a part of it, was introduced in evidence, and it appears from the evidence in that deposition that said promissory note, which appears to be a joint note on its face, was signed by G. W. Tritthart as surety and C. F. Tritthart as principal, and that C. F. Tritthart failed to pay the same when it became due and that G. W. Tritthart paid it on June 13, 1907. The promissory note was then introduced in evidence with certain indorsements thereon. The evidence does not show by whom said indorsements were made, and plaintiff rested. Thereupon counsel for respondent moved that the court instruct the jury to bring in a verdict in favor of the defendant on several grounds, which motion was granted by the court, or the case was taken from the jury.

The trial court in rendering its decision said: "I find evidence in the deposition that G. W. Tritthart signed the note as surety, and it was paid by G. W. Tritthart. I don't find evidence in the deposition or the case that C. F. Tritthart has not repaid the note to G. W. Tritthart and that it is now due and owing to G. W. Tritthart." Counsel for appellant thereupon stated, "There is no evidence except the note itself, which shows on the face of it, on account of Tritthart not being permitted to testify." The Court: "There is where the mind of counsel and court do not join—that the note is sufficient. I shall grant the motion for nonsuit."

Conceding that the appellant paid said promissory note on the 13th of June, 1907, there is not a particle of evidence showing or tending to show that the deceased did not furnish the money to pay said indebtedness or that he had not repaid

plaintiff prior to his death which occurred on July 28, 1911, over four years after G. W. Tritthart claimed he had paid said note. There is no evidence whatever to show the amount due on said note, if any, to the plaintiff. His possession of it cannot in this case show the amount due. It is a joint note, and he had the right to the possession of it even though he were surety, and his possession of it does not establish the fact that there was still due him $722.65, the amount claimed in the complaint, or any other sum. Under the provisions of said sec. 5957, Rev. Codes, Tritthart himself is not permitted to testify against the administratrix, and the majority of the court holds that simply because he has possession of the note with certain indorsements thereon, without showing by whom said indorsements were made, that the note and such indorsements established the fact that he had paid said note and also the amount due him because of such payment. The handwriting would indicate that G. W. Tritthart had made at least two of said indorsements himself. Said statute prohibits the plaintiff from testifying, but the majority opinion in effect holds that he or some person for him may make a written statement or indorsement on the back of a note which will be received as evidence to prove that he is not permitted to testify to himself. This, I think, is a clear evasion and nullification of the provisions of said statute. If this rule is established, all that a person need do is to make a statement in writing on the back of a promissory note, and that would be received in evidence to prove the amount due on such note as against the estate of a deceased person.

And again: It is alleged in the complaint that the appellant's claim in this action was presented to the administratrix for allowance and that she rejected the same. A copy of said claim was attached to the complaint and in part is as follows:

"Estate of Charles F. Tritthart, Deceased.

"To G. W. Tritthart, Dr.

"1912.

"Jan. 6. Balance due on note, with interest to date, $722.63"

Under the holding of the majority of the court said claim as presented was not a legal claim against said estate; it was not the balance due on said note that this action was brought to recover, but on an implied contract to repay appellant what he paid for and on behalf of said deceased, and the administratrix was fully justified in rejecting said claim. The majority holds that ''a surety who pays a note may sue the maker at law upon an implied promise to indemnify him.'' That is the action at bar. Said claim against the estate was therefore based upon said implied promise and not on said promissory note, and this action, according to the allegations of the complaint, is clearly based on said promissory note and not on an implied promise to pay. The majority opinion states as follows: ''In paragraph 2 of the complaint it is alleged that the plaintiff received no consideration for the note, and it is alleged that he signed the same as an accommodation for the said C. F. Tritthart, at his request and upon his promise to pay the note at maturity. . . . . The allegations of the complaint above quoted are not denied in the answer, and the allegations show that the plaintiff's obligation upon the note was that of suretyship.'' Turning to the answer, the second paragraph is as follows: ''That as to whether or not the plaintiff received any consideration for said note for signing the same, as an accommodation for the said C. F. Tritthart, at his request and upon his promise to pay the same at maturity, this defendant has no knowledge or information sufficient upon which to base a belief and therefore denies the same.'' That certainly is a good denial upon information and belief, but the majority holds that it is not a denial.

The third paragraph of the answer is, in part, as follows: ''As to whether or not the said C. F. Tritthart did not pay said note at maturity and that plaintiff was thereupon compelled to and did, on the 13th day of June, 1907, pay the sum of $798.95 in discharge of the said note, and that no part of said sum has been paid to plaintiff . . . . or whether or not there is any sum due as alleged in said paragraph 3 of plaintiff's complaint, this defendant has no knowledge sufficient upon which to base a belief and therefore denies the

same." This also is a good denial, and sufficient to require the plaintiff to prove the allegation thus denied, and, as I view it, to hold that such allegations are established by the introduction of said promissory note with certain indorsements made thereon is a clear evasion of said section of the statute.

My associates lay stress upon the fact that said promissory note was in the possession of the plaintiff, but I am unable to see why they should do so, as it was a joint note, and G. W. Tritthart was one of the makers and had a right to the possession of it if he had paid it. Nevertheless it was obligatory upon him by competent evidence to show that he was only surety on the note, also that he had paid it and what was the balance due and unpaid. The note itself does not show the balance due and unpaid. ,

It is stated in the majority opinion that the respondent denied certain allegations of the complaint but that she introduced no evidence in support of her denial. She did not need to do so until there was some evidence introduced to sustain the allegations so denied.

But as I view it, the main objection to the rule laid down by the majority is that an indorsement upon a promissory note may be introduced to establish a fact in a person's favor wherein he is not permitted to testify in regard to such fact. There is not a particle of evidence to show the balance due the plaintiff. The judgment ought to be affirmed.