## MANEY v. BOISE TITLE & TRUST CO.

No. 16145—Opinion Filed Feb. 23, 1926.

### 1. Evidence—Presumptions—Regularity of Official Acts.

It will be presumed that official acts are regular and valid, but this presumption is not extended so as to cover substantive independent facts essential to establish an issue.

### 2. Same—Scope of Presumption.

The presumption is that officials have done their duty. But this is limited by the rule that a presumption cannot be based upon a mere presumption and will not supply proof of independent substantive facts.

### 3. Judgment—Action on Foreign Deficiency Judgment—Insufficiency of Evidence.

On the trial of an action at law upon a deficiency judgment, alleged to have been rendered and entered in another state, pursuant to the statutory requirements of that state, the proof relied on to establish the rendition and entry of such deficiency judgment being the testimony of witnesses that such judgment was entered and judicial admissions of the judgment debtor, made in such foreign jurisdiction in a proceeding ancillary to the main action in which such deficiency judgment is alleged to have been rendered and entered, that such entry had been made, there was no exemplification of such judgment or of the docket entry thereof and authenticated and certified as required by law (sections 637, 638, C. S. 1921; section 905, Rev. Stat. U. S.) either exhibited or introduced in evidence. Held, that it was reversible error for the trial court to overrule a demurrer to the evidence of plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Boise Title & Trust Company against J. W. Maney. Judgment for plaintiff, and defendant brings error. Reversed.

Homer N. Boardman and Elmer L. Fulton, for plaintiff in error.

G. A. Paul and A. Gray Gilmer, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Oklahoma county, Okla., by defendant in error against the plaintiff in error to recover on a certain deficiency judgment alleged to have been rendered against the plaintiff in error in the district court of the Seventh judicial district of the state of Idaho, sitting in and for Washington county in said state. A copy of the judgment of foreclosure in the Idaho case is attached to the petition of defendant in error, but there is no copy of the deficiency judgment attached thereto.

The issues being joined, the cause came regularly on for trial, and a jury being waived, the case was tried to the court, and the court later made findings of fact and conclusions of law. Judgment was rendered and entered in favor of the defendant in error and against the plaintiff in error, J. W. Maney, in accordance with said findings of fact and conclusions of law, to all of which the plaintiff in error excepted. Thereupon the plaintiff in error filed his exceptions and objections to the court's special findings of fact and conclusions of law, together with his motion to strike certain of said findings, each of which was overruled. From the order of the court overruling plaintiff in error's motion for new trial, and from the judgment of said court, rendered in favor of defendant in error, the plaintiff in error prosecutes his appeal to this court.

The material facts necessary to be stated, as disclosed by the record, are as follows: That on the 3rd day of September, 1921, the defendant in error instituted suit against the plaintiff in error and others in the district court for the Seventh judicial district of the state of Idaho, sitting in and for Washington county in said state, for the purpose of foreclosing a mortgage or deed of trust upon certain property, both real and personal, situated in the state of Idaho; that on or about the 6th day of September, 1921, process was personally served upon the plaintiff in error in the state of Idaho, and he thereafter entered his general appearance, both in person and by counsel; that on the 1st day of March, 1922, the defendant in error obtained a judgment in the sum of $45,348.75, against the plaintiff in error and other defendants in said suit, together with a judgment of foreclosure against the property involved in said controversy, wherein and whereby the property mortgaged to said defendant in error was decreed to be sold for the satisfaction of said judgment, and whereby it was further decreed that if the proceeds derived from the sale of said property were insufficient to pay the amount of said judgment, that the sheriff of Washington county, Idaho, should report the amount of such deficiency in his return of sale, and that thereupon the defendant in error (plaintiff in the Idaho court) should have judgment against the defendants therein (including the plaintiff in error here) for the full amount of such judgment; that thereafter, and on the 1st day of April, 1922, the sheriff of Washington county, Idaho, sold said

property pursuant to the order of said district court of Washington county, Idaho, to the highest and best bidder for the sum of $35,000. The sheriff's return of said sale shows that the proceeds of said sale were insufficient by the sum of $10,707.68 to pay the total amount of the indebtedness found due.

The first proposition discussed in the brief of plaintiff in error is, that while it is alleged in the petition that a deficiency judgment had been entered and docketed, there was no proof that the deficiency judgment was ever docketed as required by the statutes of Idaho, being Idaho Comp. Stat. 1919, section 6949. The statute pointed out provides:

"* * * And if it appear from sheriff's return that the proceeds are insufficient and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor as in other cases on which execution may be issued."

It is alleged in the petition of defendant in error that, after the sale under the decree of foreclosure, it was ascertained that there was a balance due in the sum of $10,707.68, and that a judgment was, on or about the 1st day of April, 1922, duly docketed in the amount of such deficiency. That such deficiency judgment was entered and docketed was put in issue by the answer of plaintiff in error, and whether this deficiency judgment, which is the foundation of the instant action, was or was not entered and docketed in the judgment docket of the records of the clerk's office of the Idaho court, was a material question, and it having been alleged by the defendant in error that this deficiency was so entered and docketed, the burden of proof was upon it to establish this material fact.

Under the statute of Idaho heretofore pointed out, and the decisions of the Supreme Court of that state in reference thereto, there can be no deficiency judgment until the deficiency reported and return by the sheriff has been entered and docketed by the clerk. Barnes v. Buffalo Pitts Co., 6 Idaho, 519, 57 Pac. 267. The defendant in error introduced in evidence the judgment of foreclosure, which provided that if the property did not sell for a sufficient amount to pay the costs, expenses, and the indebtedness due, the plaintiff in that case—the defendant in error here—should have judgment for the deficiency, but this did not constitute a personal judgment against the plaintiff in error, because under the Idaho statute and the decisions of the Idaho courts, no personal judgment can be rendered prior to the sale and return of the officer.

It is true that the trial court, over the objections and exceptions of plaintiff in error, permitted counsel for defendant in error to ask the witness O. O. Haga if he was "familiar with the entry made by the clerk of the district court of the Seventh judicial district of the state of Idaho, in and for Washington county, in the judgment book, of the deficiency shown by the sheriff's return in the case of Boise Title & Trust Co., a corporation, as trustee for Maney Bros. & Company, a corporation, J. W. Maney et. al., being the case in which the judgment was rendered upon which this action was commenced." But such question, and the witness' answer in the affirmative, were not evidence and could not be considered as any proof that such judgment had been entered or docketed. The same is true of the next question asked the witness: "If the entry and docketing of such deficiency judgment was in accordance with the practice and law of the state?" and the answer, "It was". Both of these questions were objected to, the first on the ground that it was immaterial, and the second, because it was incompetent, irrelevant, immaterial, and not the best evidence.

The first question referred to assumed that this deficiency judgment had, in fact, been entered and docketed, but such assumption, even with the assent thereto of the witness, is no evidence of such fact.

"The assent of a witness to a question in which counsel assumes and asserts a fact not proved does not constitute any evidence of that fact." 40 Cyc. 2435.

The defendant in error also introduced in evidence the return of the officer making the sale under the decree, which shows that there was a deficiency in the said sum of $10,707.68, but this return did not constitute a judgment, and there was no judgment until this deficiency was entered and docketed by the clerk.

The witness O. O. Haga, who was counsel for defendant in error in the Idaho case, and who qualified as an expert witness, testified that under the Idaho statute, supra, and under the decisions of the courts of Idaho, it was the duty of the clerk to enter and docket a deficiency judgment whenever the sheriff filed his return showing that the proceeds of the sale of mortgaged property were insufficient to pay the debt, and it is contended by defendant in error that it must be presumed in this case that the

clerk of the Idaho court did his duty, and therefore entered and docketed the deficiency judgment sued on.

The rule is well established that the law presumes that a public official has done his duty, but it is equally well established that such presumption cannot be used as a substitute for proof of a definite and material fact.

In the instant case, direct proof of the fact, if it was a fact that the deficiency judgment had been entered and docketed by the clerk, could easily have been had, and therefore the rule of presumption cannot apply in a case of this character.

In the case of Appling v. State (Ark.) 128 S. W. 866, it is said:

"It will be presumed that official acts are regular and valid, but this presumption is not extended so as to cover substantive independent facts essential to establish an issue."

Legal presumptions generally apply to facts of a transitory character, the proper evidence of which is not usually preserved with care; but not to records or public documents, in the custody of officers charged with their preservation, unless proved to have been lost or destroyed. Brunswick v. McKean, 4 Me. 508.

In the case of St. Louis & S. F. Ry. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103, this court held that:

"Where it lies within the power of a party to produce evidence upon an issue, the burden being on him, and he fails to produce such evidence, the presumption follows that such evidence, if produced, would be unfavorable to the cause of such party."

Counsel for defendant in error direct attention to certain statements in the pleadings filed in the case in Idaho, wherein it is pointed out that the plaintiff in error admitted the existence of this deficiency judgment, and it is agreed that, because in certain motions filed by the plaintiff in error in the Idaho court, to have credits on the judgment allowed, the plaintiff in error took it for granted that the clerk of the Idaho court had properly entered the deficiency judgment, and that in the present action they are relieved from the necessity of proving the very material fact that such deficiency judgment was entered and docketed as provided by the statute.

We think it sufficient to say that, on the trial of an action at law upon a deficiency judgment, alleged to have been rendered and entered in another state pursuant to the statutory requirements of that state, the proof relied on to establish the rendition and entry of such deficiency judgment being the testimony of witnesses that such judgment was entered, and judicial admissions of the judgment debtor, made in such foreign jurisdiction in a proceeding ancillary to the main action, in which such deficiency judgment is alleged to have been rendered and entered, that such entry had been made, there was no exemplification of such judgment or of the docket entry thereof and authenticated and certified as required by law (sections 637, 638, C. S. 1921; section 905, Rev. Stat. U. S.) either exhibited or introduced in evidence.

Various other propositions submitted by counsel for plaintiff in error, as grounds for a reversal of this case, are presented and discussed; but we conclude from a careful examination of the entire record, that the only reversible error committed by the trial court was in concluding, as a matter of law, that the deficiency judgment, upon which the action was founded, was proven to have been entered and docketed by the clerk in the Idaho court. This action could only be maintained on the deficiency judgment, if one was ever entered, and not on the judgment of foreclosure, a copy of which is attached to the petition of the defendant in error. The correctness of this proposition is not, we think, disputed by counsel for defendant in error.

The contention of defendant in error appears to be that the question of entering and docketing the deficiency judgment is not raised by the pleadings, and further, that plaintiff in error has, in certain motions and affidavits filed in the case in Idaho, admitted that this deficiency judgment was properly entered, and finally, that the evidence shows it was so entered. So far as the question as to the pleadings is concerned, it is sufficient to say that in the instant case the defendant in error, in its petition, specifically alleged "that judgment was on or about the 1st day of April, 1922, duly docketed according to law in the amount of such deficiency, namely: $10,707.68."

The plaintiff in error, in his supplemental answer, stated "that he denies each and every material allegation contained in the plaintiff's petition, except such as are hereinafter expressly admitted or qualified, or disposition thereof made in some manner."

It is not contended by counsel for defendant in error that the plaintiff in error in his answer, or in any other pleading filed in the case, ever expressly admitted that said deficiency judgment had ever been entered

or docketed, or that his said denial was afterwards qualified in any manner. The question of the entering of said deficiency judgment was therefore squarely put in issue by the pleadings.

We think the trial court erred in overruling the demurrer of plaintiff in error to the evidence introduced by the defendant in error, and that, for the reason stated, the cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. pp. 130 135 § 69; 22 R. C. L. p. 472; 4 R. C. L. Supp. p. 1467: 5 R. C. L. Supp. p. 1206. (2) 22 C. J. pp. 130, 135. 135 (anno) § 69 (3) 34 C. J. p. 1123 § 1596 (anno).