## MANEY v. BOISE TITLE & TRUST CO.

No. 18138. Opinion Filed Nov. 27, 1928.

Rehearing Denied April 23, 1929.

Elmer L. Fulton, for plaintiff in error.

Richards & Haga, J. L. Eberle, G. A. Paul, and A. Gray Gilmer, for defendant in error.

FOSTER, C. This action was commenced in the district court of Oklahoma county by the Boise Title & Trust Company against J. W. Maney to recover on a deficiency judgment alleged to have been obtained in the district court of Idaho in the sum of $10,707.68. The judgment was in favor of the plaintiff, and the defendant appeals.

The action is based upon a suit by the defendant in error in Washington county, Idaho, in September, 1921, against the plaintiff in error and others to recover upon certain notes, and to foreclose a trust deed on real and personal property, given to secure the same, held by the defendant in error, as trustee, for various other parties. The decree of foreclosure in that court was for the sum of $45,348.75, on which an execution was issued, the property secured by the trust deed sold, and the sheriff's return showing a deficiency of $10,707,68. The clerk entered this deficiency upon his judgment docket. A copy of the decree of foreclosure, the return of the sheriff, and a copy of the docket of the clerk, showing the deficiency entered, are all a part of the record.

The case was tried before a jury, but at the conclusion of the testimony, the court directed a verdict in favor of the defendant in error, and the plaintiff in error prosecutes this appeal.

Seven assignments of error are briefed, in substance, as follows: The first, second and third assignments are argued under one proposition, and are, in substance, that the court erred in overruling the demurrer of the plaintiff in error to the petition and evidence of defendant in error, and that the judgment is not sustained by sufficient evidence. Fourth. That the court erred in admitting the testimony of O. O. Haga, to the effect that the entry of the deficiency on the judgment docket was in accordance with the law and practice of the state of Idaho. Fifth. That the court erred in admitting the alleged copy of the decree in foreclosure. Sixth. That the court erred in sustaining the demurrer of the defendant in error to the evidence on behalf of the plaintiff, and in withdrawing the case from the jury. Seventh. That the court erred in overruling the motion of plaintiff in error for a new trial.

This is the second appeal of this case, the first appeal being Maney v. Boise Title & Trust Co., reported in 116 Okla. 202, 244 Pac. 170. The record in the case at bar is almost identical with the record on the first appeal, with the exception that there was introduced in the case at bar a certified copy of the judgment docket containing the entry of the deficiency, which was not introduced in the first case. Also, after the reversal of the first case, the plaintiff in error was permitted to amend his answer alleging fraud in the procurement of the original judgment in the district court of Idaho, fraud not being alleged in the answer on the first trial.

The plaintiff in error argues the first three assignments as above set out under several different heads: First. That there was no deficiency judgment ever entered in the district court of Idaho, and that the same is necessary. Second. That no judgment was ever rendered. Third. That there was no personal deficiency judgment provided for in the Idaho statute. Fourth. That the trustee is not entitled to a deficiency judgment, even though the original holders of the note might be so entitled.

The question so presented necessarily involves the interpretation of section 6949, Comp. L. of Idaho for the year 1919, which is as follows:

"There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the incumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due to the plaintiff; and sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution; and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued."

Under the provisions of this statute, the Supreme Court of Idaho has held that there can be no money judgment entered in an action to foreclose a mortgage. Barnes v. Buffalo Pitts Co. (Idaho) 57 Pac. 267. In the first appeal of this case, Maney v. Boise Title & Trust Co., supra, the Oklahoma court held that "there was no judgment until this deficiency was entered and docketed by the clerk."

The testimony shows that on the return of the sheriff, the clerk on his judgment docket entered the words, "Deficiency $10,-707.68," also the amount for which it sold, together with costs, and plaintiff contends that this is an entry by the clerk of the amount of the deficiency, and not a judgment docketed for the balance against the defendants as provided for in the statute. Also, the testimony of O. O. Haga, an attorney of long standing in Idaho, is

that the clerk is required to enter judgment for the amount of the deficiency.

Plaintiff in error therefore contends that the record plainly shows that no judgment for the amount of the deficiency was ever entered; that the law as to the entry of a judgment will be presumed to be the same in Idaho as it is in Oklahoma, as the law of that state is not introduced on this point. Section 685, C. O. S. 1921, provides that the clerk shall keep a journal, which shall clearly set out the provisions of the judgment, and section 868, C. O. S. 1921, provides that the clerk shall keep a judgment docket, and shall enter certain facts concerning the judgment; that the docket introduced in this case showing the deficiency corresponds to the docket described by section 868, C. O. S. 1921, and is not a judgment, but an entry of certain facts taken from the judgment.

We cannot agree with these contentions. No particular form of words is necessary in order to constitute a judgment. Black on Judgments, p. 115. The entry by the clerk might not in itself be sufficient to constitute a judgment on which to base a cause of action, but it should be considered in connection with the decree of foreclosure. While the decree of foreclosure at the time it was entered was not in itself a personal judgment, yet, after the return of the sheriff and the entry of the deficiency by the clerk, we believe the decree of foreclosure forms a basis for a personal judgment, and the entry of the clerk, together with the decree of foreclosure, makes a sufficient entry of a personal judgment.

It is next contended that, even though a judgment be entered, the clerk had no authority to render a judgment, and therefore no judgment was ever rendered, pointing out the difference between the rendering and entering of a judgment. We believe that the rendering of the judgment of foreclosure by the district court, which contained a provision directing that upon the return of the sheriff the amount of the deficiency should be entered, and that after the return of the sheriff the clerk pursuant to the law and the order of the court entered the deficiency upon his docket, constituted the rendering of a personal judgment, although the decree of foreclosure in the first place was not a personal judgment.

Plaintiff in error also contends that no deficiency judgment is provided for, since the statute provides that the deficiency can be docketed and will be a lien upon the real estate; that this means it is only a

personal judgment to the extent that it may be levied upon any real estate of the defendant, but with this contention we cannot agree.

Plaintiff in error next contends that a trustee is not entitled to a deficiency judgment, even though the original holders of the note might be so entitled, but we believe the wording of the trust deed itself answers this contention. The trust deed provides, among other things, as follows: "Proceed by suit or suits at law or in equity to enforce the payment of the notes then outstanding thereunder." And further on: "But each and every remedy shall be cumulative and shall be in addition to any other remedy given hereunder, or now or hereafter existing at law or in equity or by the statute."

Under the fourth assignment of error plaintiff contends that the testimony of O. O. Haga, an attorney in Idaho, to the effect that the entry of the deficiency, as shown by a copy of the judgment docket was in accordance with the law and practices of Idaho, was erroneous. Mr. Haga was introduced as an expert witness and showed himself to be familiar with the custom and practice of the laws of Idaho, having practiced his profession for 25 years. Plaintiff in error contends, however, that his testimony assumed a fact not proven, which was the very question in issue, and that whether or not a deficiency judgment had been entered and docketed was a question for the court.

Plaintiff in error contends that this question was decided on first appeal where it was held that testimony of this witness was not competent to show that a deficiency judgment had been entered and docketed. But in this case, the deficiency judgment has been introduced, duly certified as required by the laws of this state and the United States, and the testimony of Mr. Haga goes to the effect of the docket entry under the laws of Idaho rather than to the existence of the docket entry.

We do not believe the cases cited by plaintiff in error are in point.

Defendant in error calls attention to the case of Slater v. Mexican Nat. Ry. Co., 194 U. S. 120, in which case the deposition of a Mexican lawyer, as to the accepted or proper construction of a Mexican statute upon a question open to doubt, was admissible in addition to the correct translation of the statute. Also, in the case of Re International Mahogany Co., 147 Fed. 147, it was held that extracts from a Cuban statute did not override the testimony of a Cuban lawyer. These cases seem to hold that the opinion of a properly qualified attorney as to the construction of a foreign statute is admissible in evidence.

However, in the case at bar there is ample evidence to support the verdict without the evidence of Mr. Haga, and, even though his testimony be inadmissible, it would not justify a reversal of this case.

Under his fifth assignment, plaintiff in error alleges that the certified copy of the decree of foreclosure is not sufficient; that the certified record required is a copy of the record itself, and not a copy of the decree. He cites authorities to show that the files in a case are not admissible, but that the record must be presented. The certificate in this case shows that the decree appears of record in Book E of Mortgages, p. 549, in the clerk's office of Washington county, Idaho. This, we believe, is sufficient to show the record.

Plaintiff under his sixth assignment of error contends that there was sufficient evidence to go to the jury on his defense that the judgment in Idaho was procured by fraud. He bases this contention upon the record, which discloses that at the time the decree of foreclosure was entered in Idaho, an agreement existed whereby defendant there, plaintiff in error here, was to have credit for certain notes when he produced them. Plaintiff in error did not produce them until more than four months after the property had been sold by the sheriff. Defendant in error refused to allow the credits unless the sale of the sheriff be set aside and the credits given on the original decree of foreclosure and another sale ordered. To this plaintiff in error would not agree.

It appears that the defendant in error had purchased the property at the sheriff's sale, paying about the sum of $35,000 for the same without investigating its real value; and it further appears that should the property be resold, the defendant in error did not intend to bid as much as he did at the first sale; that he intended to bid only an amount that would still leave a deficiency judgment against the plaintiff in error personally in the same amount as now exists.

Plaintiff in error applied to the Idaho court for the credit on the deficiency judgment, but was refused for the reason that he would not agree that the sheriff's sale be set aside and credit given on the decree

of foreclosure instead of the deficiency. From this action no appeal was taken.

We are unable to see any fraud in this transaction. Defendant in error offered to allow credit on the original decree of foreclosure, and, from all the circumstances in the case, we believe this was the understanding at the time the agreement was made. It is not contended that there was any agreement that the defendant in error should pay any particular amount for the property. It was under no obligation to bid on the property at all.

Plaintiff in error further contends that he has had no opportunity to question the deficiency judgment. With this we do not agree. He filed a request for a credit on the deficiency judgment. While the court in Idaho refused this on the grounds as above set out, the plaintiff in error certainly had an opportunity at that time to present the question of the amount of his deficiency judgment if he wished to question the same.

The defendant in error contends that all the issues were decided in the first appeal in this case, with the exception that a certified copy of the deficiency judgment was not introduced and the question of fraud not presented. From an examination of that case, we are inclined to believe that the defendant is right. But, regardless of whether that is correct or not, we believe the judgment in the case at bar is amply supported by the evidence.

Plaintiff in error in his supplemental brief raises the constitutionality of section 6949, of the Idaho statute, supra, for the reason that, if the deficiency judgment is a personal judgment and the original decree of foreclosure was not a personal judgment, the return of the sheriff on which there was no hearing was absolutely binding upon the plaintiff in error without giving him an opportunity to be heard. In support of this contention, plaintiff cites Wilson v. Wood, 10 Okla. 279, 61 Pac. 1045, and other cases, in which it is held that the Legislature has no power to declare a particular item of evidence absolutely binding, and preclude a party from establishing his rights in opposition thereto, and also cites other cases in which it is held that no man shall be condemned in his right of property without a day in court, and he must have notice of the judgment taken against him.

We find no fault with the rule of law as presented in the cases cited, but do not think they are applicable to the facts in this case. The plaintiff in error's theory on this point amounts to a contention that there must be two judgments, but the statute requires that only one action can be had in the foreclosure of a mortgage. The decree of foreclosure finds the amount due, and, while it is not a personal judgment at the time entered, after the return of the sheriff has been made and the deficiency docketed by the clerk, we believe it then becomes a personal judgment to the amount of such deficiency against all persons liable therefor. In addition, however, in this case the plaintiff had ample opportunity to be heard if he so desired.

Plaintiff in error files a second supplemental brief in which he contends that the record does not disclose facts sufficient to show that the plaintiff in error was personally liable for the debt as required by the Idaho statute. Here the plaintiff in error cites 31 Cyc. p. 563, and cases in Oklahoma, in which the general rule is laid down that, when the allegations of a petition are at variance with the exhibit attached thereto, the exhibits are controlling. He then contends that, the decree of foreclosure not being a personal judgment and the docket introduced simply showing the words, 'Deficiency $10,707.68," this is not sufficient to show any personal judgment against this plaintiff in error. We cannot agree with this contention. As above indicated, we believe that after the docketing of the deficiency, as was done in this case, it may be considered with the original decree of foreclosure to show who was personally liable. The two taken together show plaintiff in error to be personally liable for the debt.

The briefs of the plaintiff in error are indeed very able discussions of the points involved. The ingenuity of the writer is to be admired, and his nice distinctions are very interesting, but we cannot agree that such a highly technical test as he presents should be applied in the interpretation of the statute and the law of this case.

From an examination of the entire record, we believe there is ample evidence to support the verdict and judgment, and that the court committed no prejudicial error.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.