(No. 6556. May 23, 1938.)

GREAT AMERICAN INDEMNITY COMPANY, a Corporation, Respondent, v. CLARENCE E. BISBEE, Appellant.

[79 Pac. (2d) 1037.]

J. H. Barnes, for Appellant.

Walters, Parry & Thoman and J. R. Keenan, for Respondent.

AILSHIE, J.—In 1931 David Patrick obtained a decree of foreclosure of a real estate mortgage executed by Clarence E. Bisbee and wife. Bisbee and wife were dissatisfied with the judgment and appealed to this court. In order to stay foreclosure sale pending the appeal, the Bisbees procured respondent to execute a *supersedeas* bond under the provisions of sec. 11–207, I. C. A. The judgment appealed from was affirmed. (*Patrick v. Bisbee*, 52 Ida. 369, 15 Pac. (2d) 730.) Thereafter execution issued and the lands covered by the decree were sold and execution was returned, showing a deficiency of $1,633.25 which was duly entered against defendant, Clarence E. Bisbee, who is appellant herein, by the clerk as a deficiency judgment on December 13, 1932. Bisbee neglected to pay the judgment and the surety (respondent

herein) paid the judgment on February 20, 1933, to the executor of the estate of David Patrick, deceased, and took what purported to be an assignment of the judgment. Thereafter this present action was instituted by the surety, Great American Indemnity Company, a corporation, respondent herein, against the principal, Clarence E. Bisbee, appellant herein.

The complaint in this case sets forth the foregoing facts and alleges that the deficiency judgment has not been paid by the appellant and that it became, and is, a lien upon all the right, title and interest of appellant in and to certain tracts of real property described in the complaint; and prays for a judgment against appellant for the amount paid by respondent on such judgment; and that the same be declared a lien on the same premises in favor of respondent. The answer admits the allegations of the complaint except it denies that the deficiency judgment was ''duly assigned'' to respondent and that respondent is the owner thereof. It also denies that appellant made a payment of $150.98 which respondent has credited on the deficiency of judgment. Appellant also alleged that the purported assignment was illegal and void and plead the bar of the statute of limitations as embraced within the provisions of sec. 5–217, I. C. A. Respondent moved for judgment on the pleadings which was granted and judgment was entered in respondent's favor, from which this appeal has been prosecuted.

The questions, which arose on the pleadings in this case and on which judgment was entered, are purely issues of law and, in the final analysis, involve only an inquiry as to the nature of the liability of a principal to his surety on a *supersedeas* bond in a real estate foreclosure action.

At the very outset of our inquiry we are confronted with the contention made by appellant, that the purported assignment of the judgment by the executor to the surety (respondent herein) was void, for the reason that an executor or administrator has no power or authority to sell or assign personal property or a chose in action belonging to the estate of a deceased person, without reporting the sale and having it confirmed by the probate court. (*Cummings v. Lowe,* 52 Ida. 1, 10 Pac. (2d) 1059.) On the other hand, respondent contends that there was no sale of the judgment and that the

purported assignment is merely a receipt for the money due from a debtor and an acknowledgment of satisfaction on behalf of the estate; and that it was the duty of the executor to collect the debts due the estate and receipt therefor (sec. 15–802, I. C. A.; 11 Cal. Jur., sec. 633); that, so far as the estate was concerned, plaintiff and defendant were jointly and severally liable on the judgment and that the surety company was merely paying its own debt when it paid this obligation; and that by operation of law, the surety was entitled to subrogation to all the rights of the estate of Patrick in and to the judgment. In view of the conclusion we have reached on the major issue involved herein, we deem it unnecessary for us to express any opinion on these divergent contentions.

The statute (sec. 11–207, I. C. A.), under which this *supersedeas* bond was given, provides as follows:

"If the judgment or order appealed from direct the sale or delivery of possession of real property the execution of the same can not be stayed unless a written undertaking be executed on the part of the appellant with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."

The bond here in question has served all its purposes, except as to the "deficiency arising upon the sale." That part of the obligation is dealt with by the last sentence of the section just quoted. Appellant contends that when the surety paid the deficiency judgment, its action against the principal, appellant, was one in *assumpsit*; that the obligation of the principal to reimburse his surety was an implied contract

"not founded upon an instrument in writing" (sec. 5–217), and that it became barred by the statute in four years. If that position be true, the judgment here involved would fail. It is contended by respondent, on the other hand, that the deficiency judgment as soon as entered became a "money judgment" and that under sec. 12–616, I. C. A., the surety became subrogated to all the rights of the judgment creditor under his judgment. That section reads as follows:

"Whenever any surety on an undertaking on appeal, executed to stay proceedings upon a *money judgment*, pays the judgment, either with or without action, after its affirmation by the appellate court, *he is substituted to the rights of the judgment creditor and is entitled to control, enforce and satisfy such judgments in all respects as if he had recovered the same.*"

The statute, sec. 11–207, *supra,* contemplates a full and complete stay of all proceedings on a real estate foreclosure where the *supersedeas* required by order of the court is given. The bond required secures the judgment creditor against *"waste"* on the realty covered by the decree and secures payment of *"the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof"* and also *"the payment of a deficiency arising upon the sale"* in case "the judgment be affirmed, or the appeal dismissed." The *supersedeas* bond ordinarily is given before sale and necessarily before the appeal is heard; consequently at the time of giving the bond there can be no *deficiency* for the reason that the security has not been exhausted; so the bond is required (by statute) to "provide for the payment of such deficiency" as may appear after sale is made and deficiency judgment is entered. Whenever a deficiency judgment is entered, under sec. 9–101, I. C. A., it at once becomes a *money judgment* within the meaning of sec. 12–616 and its payment is secured by any *supersedeas* bond that has previously been given in conformity with the provisions of sec. 11–207.

It is the established law of this jurisdiction that a foreclosure decree is *in rem* until after sale. In *Perkins v. Bundy,* 42 Ida. 560, 247 Pac. 751, it was said:

"A decree of foreclosure of a mortgage is in no sense a personal judgment, and no personal judgment can be entered *until after the foreclosure sale.*" (Italics supplied.)

Counsel for appellant places his chief reliance on the cases of *Barnes v Buffalo Pitts Co.*, 6 Ida. 519, 57 Pac. 267, and *Tritthart v. Tritthart,* 24 Ida. 186, 133 Pac. 121. An analysis of those cases, and the statutes to which they refer, satisfies us that they are not applicable to the state of facts and judgment before us in this case. The Barnes-Buffalo Pitts case involved a foreclosure of a chattel mortgage, in which case an appeal had been taken and a *supersedeas* had been filed in double the amount of the sum found due. After the judgment was affirmed on appeal plaintiff moved the court for judgment on the *supersedeas* bond, under the provisions of sec. 4810, R. S., now sec. 11–204, I. C. A., on the theory that the judgment that had been affirmed was a money judgment. This court held that he was not entitled to judgment on the bond. In course of the discussion, the court said:

"Sec. 4813 of the Rev. Statutes [sec. 11–207, I. C. A.] applies solely to appeals from judgments or orders directing the sale or delivery of possession of real property, and has *no application to the case under consideration.*"

It was further said in that case:

"But the code has clearly and succinctly pointed out the procedure to be followed in cases such as that under consideration, in sections 4809 and 4817 [11–203 and 11–211, I. C. A.] of the Revised Statutes. The statute having provided the kind of an undertaking required, the court was not authorized or empowered to demand another or different undertaking, and its order to that effect was void."

Section 4817 of the Revised Statutes, which is embodied in sec. 11–211, I. C. A., deals with the stay of proceedings generally in cases not covered by specific statute and specifically refers to judgments directing the sale of certain personal property. That section reads as follows:

"In cases not provided for in sections 11–204, 11–205, 11–206 and 11–207, the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 11–203, stays proceedings in the court below, upon the judgment or the order appealed from, except where it directs

the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court; and except, also, where it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding, a public office, civil or military, within this state; and except, also, where the order grants, or refuses to grant, a change of the place of trial of an action."

So it is clear that the court held in that case that sec. 11–207 has no application to the stay of proceedings on appeal from the foreclosure of a chattel mortgage. *Tritthart v. Tritthart, supra,* was a case where two persons executed and delivered a promissory note as joint and several makers as between them and the payee, but, as between themselves, one was an accommodation maker for the benefit of the other. The principal maker failed to pay and the accommodation maker was obligated to pay the debt, and thereafter commenced an action against the principal maker to recover the amount so paid. Defendant plead the statute of limitations, and the question which was presented on appeal and considered was, whether or not the action was a *written instrument* or an *implied promise* to pay. The court said:

"We think, therefore, that there can be no question in this case but that the action is on an implied promise, and not upon a written instrument."

In that case the court was discussing the question of suretyship as applied to commercial paper and not the question of the liability of a surety on a surety or *supersedeas* bond authorized and provided for by statute. There is no room for doubt as to the correctness of the holding in that case but it has absolutely no application to the question here involved.

In the case under consideration we conclude that the surety company upon payment of the deficiency judgment became subrogated to all the rights of the judgment creditor, under the provisions of sec. 12–616, *supra* (*Agren v. Staker,* 46 Ida. 36, 267 Pac. 460); and that the statute of limitations, sec. 5–215, I. C. A., had not run against the judgment at the time respondent's action was instituted.

The judgment is affirmed with costs in favor of respondent.

Budge and Givens, JJ., concur.

MORGAN, J., Dissenting.—I. C. A., sec. 11–204, provides for giving *supersedeas* bonds in cases where appeals have been taken from judgments or orders directing the payment of money, frequently referred to as "money judgments." Section 11–205 provides for giving such bonds to stay execution when appeals have been taken in replevin cases. Section 11–206 provides for giving such bonds when appeals have been taken from judgments for specific performance. Section 11–207 provides for giving *supersedeas* bonds to stay execution when appeals have been taken from judgments or orders which direct the sale or delivery of possession of real property. It also provides: "When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency." The *supersedeas* bond in this case was the one provided for by sec. 11–207.

In *Barnes v. Buffalo Pitts Co.,* 6 Ida. 519, 521, 57 Pac. 267, this court said:

"As to the first proposition of appellant: Section 4810 of the Revised Statutes [I. C. A., sec. 11–204] provides for and defines the kind of undertaking required in an appeal from a money judgment. This was not an appeal from a money judgment. The action was for the foreclosure of a chattel mortgage. The judgment and decree was for a foreclosure and sale of the mortgaged property. There can be no money judgment entered in an action to foreclose a mortgage lien, except as provided in section 4520 of the Revised Statutes [I. C. A., sec. 9–101], to wit: 'And if it appear from the sheriff's return that the proceeds are insufficient and a balance still remains due, judgment can then be docketed for such balance, against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued.' The statement in the decree, 'that the defendant, the Buffalo Pitts Company, do have and recover from plaintiff, Thomas Barnes, the sum of $442.15, with interest thereon at the rate of seven per cent per annum from date hereof, together with costs of suit, hereby taxed at $8.70,' is not a money judgment. No execution could be

issued thereon; but when the mortgaged property has been exhausted, and there still remains a balance due the creditors, he may have a judgment docketed 'for such balance against the defendant or defendants personally liable for the debt,' etc. It seems to us the purpose of the statute is plain, and its provisions clear and unequivocal.''

(See, also, *Naylor & Norlin v. Lewiston etc. Ry. Co.*, 14 Ida. 722, 95 Pac. 827; *Maney v. Boise Title & Trust Co.*, 116 Okl. 202, 244 Pac. 170, 276 Pac. 179; *United States Fidelity & G. Co. v. Ft. Misery Highway Dist.*, 22 Fed. (2d) 369.)

In *Perkins v. Bundy*, 42 Ida. 560, 565, 247 Pac. 751, 752, it is said:

''A decree of foreclosure of a mortgage is in no sense a personal judgment, and no personal judgment can be entered until after the foreclosure sale . . . . ''

*Tritthart v. Tritthart*, 24 Ida. 186, 189, 133 Pac. 121, 122, was an action by an accommodation signer of a promissory note, who had paid it, to recover from one for whose accommodation it was signed the amount of money paid in discharging the obligation evidenced by the note. With respect to that action, this court said:

''As to the character of the action we think there can be no question. In paragraph 2 of the complaint it is alleged that the plaintiff received no consideration for the note, and it is alleged that he signed the same as an accommodation for the said C. F. Tritthart, at his request and upon his promise to pay the note at maturity. The rule of law under such facts is generally recognized to be, that a surety who pays a note may sue the maker at law upon an implied promise to indemnify him, or in equity upon the note, as being subrogated to the rights of the payee. The allegations of the complaint above quoted are not denied in the answer, and the allegations show that the plaintiff's obligation upon the note was that of suretyship. The right of action, therefore, was the right of action of a surety to recover reimbursement from his principal, which accrues when the surety pays the debt, and the obligation of the principal to repay the surety is not founded upon a written instrument within the meaning of the statute of limitations. . . . .

"We think, therefore, that there can be no question in this case but that the action is upon an implied promise, and not upon a written instrument. The note may be received in evidence for what it shows, but the right of recovery is not upon the note."

The right of sureties on *supersedeas* bonds to enforce judgments which they have paid, is limited by statute to sureties on bonds executed to stay proceedings on money judgments. Section 12–616 is as follows:

"Whenever any surety on an undertaking on appeal, *executed to stay proceedings upon a money judgment,* pays the judgment, either with or without action, after its affirmation by the appellate court, *he is substituted to the rights of the judgment creditor and is entitled to control, enforce and satisfy such judgments in all respects as if he had recovered the same.*" (Emphasis mine.)

The legislative intention to limit the right of sureties on *supersedeas* bonds, to enforce judgments which they have paid, to those who have executed bonds to stay proceedings upon money judgments, is clear. Had the legislature desired to make sec. 12–616 applicable to sureties on undertakings given to stay proceedings on judgments in replevin, specific performance and in cases involving the sale or delivery of possession of real property, it would have named these other classes as well as sureties on undertakings given to stay execution of money judgments, or would have omitted reference in the statute to money judgment cases and thereby have made it applicable to all cases wherein *supersedeas* bonds are required to stay execution. It did not do that, but specified sureties on "an undertaking on appeal, executed to stay proceedings upon a money judgment" as the one class which may be substituted to the rights of judgment creditors and be entitled to control, enforce and satisfy judgments in all respects as if they had recovered the same.

This situation makes applicable the rule *"expressio unius est exclusio alterius."* In *Clayton v. Barnes,* 52 Ida. 418, 424, 16 Pac. (2d) 1056, 1058, this court quoted from 56 C. J. 984, sec. 582, as follows:

" 'In accordance with the maxim *"expressio unius est exclusio alterius,"* where a statute enumerates the things upon

which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; and where it directs the performance of certain things in a particular manner, or by a particular person, it implies that it shall not be done otherwise nor by a different person.' ''

The test is not: Is a deficiency judgment a money judgment? It is: Was respondent a surety on an undertaking on appeal executed to stay proceedings upon a money judgment? The *supersedeas* bond given in this case was not *"executed to stay proceedings upon a money judgment."* The deficiency judgment, which respondent paid, was not in existence at the time the bond was given, and when it came into existence the bond did not stay execution on it.

The section of the statute of limitations applicable to this case is 5–217, and the cause of action should be held to be barred thereby.